STATE of Minnesota, Respondent,

v.

Rasheed Adeshina IDOWU, Appellant.

No. 48076.

Supreme Court of Minnesota.

Nov. 24, 1978.

C. Paul Jones, Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Gary W. Flakne, County Atty., Vernon E. Bergstrom and David W. Larson, Asst. County Attys., Minneapolis, for respondent.

PER CURIAM.

Defendant was found guilty by a district court jury of charges of aggravated forgery —uttering, Minn.St. 609.625, subds. 1(1) and 3, and theft by check aggregating over $100, § 609.52, subd. 2(3)(a), and was sentenced by the trial court to two indeterminate concurrent terms of 5 years in prison. On this appeal from judgment of conviction, defendant contends that there was legally insufficient evidence on the identification issue and that his conviction of and concurrent sentences for the two offenses violated the double-jeopardy provision of

the United States Constitution and Minn.St. 609.04 and 609.035. We hold that defendant was properly convicted of both offenses but that under § 609.035, he should have been sentenced only once; accordingly, we remand for vacation of one of the sentences.

 There is no merit to defendant's contention that the evidence identifying him was legally insufficient.

 There is also no merit to the contention that the two convictions and sentences violated the double-jeopardy clause of the Constitution. Without addressing the issue of the scope of the clause's protection against multiple punishment, we simply hold that under the prevailing test the two crimes are distinct. See, *Brown v. Ohio,* 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977). The offense of forgery requires proof of use of the name of another person or an assumed or fictitious name, whereas the offense of theft by check does not. The offense of theft by check requires proof that there was a defrauded victim whereas forgery does not require that anyone be defrauded. In other words, neither offense is necessarily included in the other, and therefore defendant's reliance on § 609.04— which bars convicting a defendant of both a greater and an included offense—is also unjustified.

 However, we agree with defendant that one of the two sentences should be vacated. Section 609.035 provides:

"Except as provided in section 609.585, if a person's conduct constitutes more than one offense under the laws of this state he may be punished for only one of such offenses and a conviction or acquittal of any one of them is a bar to prosecution for any other of them. All such offenses may be included in one prosecution which shall be stated in separate counts."

The advisory committee comments to this section provide that while the statute does not bar obtaining a conviction for all offenses arising from the same conduct, "a sentence may be imposed for only one of them which may be for the highest sentence which any one of them carries." 40 M.S.A., p. 58.

Here the state does not challenge defendant's contention that the two offenses arose from the same conduct but simply argues that concurrent sentences do not constitute multiple sentences. Nonetheless, the state adds that it does not oppose vacation of one of the two concurrent sentences.

Defendant's only other contention, that the instructions were inadequate, was apparently based on the fact that several pages of the instructions were inadvertently omitted from the transcript. The pages are now a part of the transcript and it seems clear that no error was committed.

Remanded for vacation of one of the concurrent sentences.