STATE of Minnesota, Respondent,

v.

Lawrence Neil HAGEN, Appellant.

No. 48169.

Supreme Court of Minnesota.

Jan. 19, 1979.

---

3. Because of our holding, we do not consider the further issues raised by appellant.

C. Paul Jones, Public Defender, Kathleen Kelly, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, William B. Randall, County Atty., Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

SHERAN, Chief Justice.

Defendant was found guilty by a district court jury of charges of uttering a forged writing, Minn.St. 609.625, subds. 1(1) and 3, and procuring a controlled substance by fraud, §§ 152.09, subd. 2(1), and 152.15, subd. 3, and was sentenced by the trial court to concurrent terms of 10 and 4 years in prison, with execution stayed and defendant put on probation, subject to the condition that he serve the first year in the workhouse. On this appeal from judgment of conviction, defendant contends that the photographic identification procedures used by the police were so unnecessarily suggestive as to require suppression of the eyewitness identification testimony, and that his conviction of and concurrent sentences for the two offenses violated the double jeopardy provision of the United States Constitution and Minn.St. 609.04 and 609.035. We hold that defendant was properly convicted of both offenses but that under § 609.035, he should have been sentenced only once. Accordingly, we remand for vacation of one of the sentences.

The test for determining whether suppression of eyewitness identification testimony on due process grounds is required is whether the identification procedures used were so unnecessarily suggestive as to create a "very substantial likelihood of irreparable misidentification." *Neil v. Biggers,* 409 U.S. 188, 93 S.Ct. 375, 381, 34 L.Ed.2d 401 (1972); *Manson v. Brathwaite,* 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977). While the initial photographic display was not a model of fairness, since two photographs of defendant were used and one of them was a different size than the rest of them, our analysis of all the factors bearing on the reliability of the eyewitness' identification of defendant convinces us that the trial court correctly determined that there was no very substantial likelihood of irreparable misidentification.

There is no merit to defendant's contention that the two convictions and sentences violated the double jeopardy clause of the Constitution or § 609.04, which bars convicting a defendant of both a greater

and an included offense. See discussion in *State v. Idowu,* 272 N.W.2d 354 (Minn.1978).

█ However, we agree with defendant that since the two offenses were part of one behavioral incident (something the state does not contest), it was improper to sentence him to concurrent terms. As we held in *State v. Idowu, supra,* concurrent sentences do constitute multiple sentences within the meaning of § 609.035, which is the statute prohibiting multiple punishment in such situations. Accordingly, one of defendant's sentences must be vacated.

Remanded for vacation of one of the sentences.