STATE of Minnesota, Respondent,

v.

Edward M. ST. JOHN, Appellant.

No. 50856.

Supreme Court of Minnesota.

Nov. 21, 1980.

C. Paul Jones, Public Defender and Kathy A. King, Asst. Public Defender, Minneapolis, for appellant.

tion except as they relate to and are a part of the basis of that system-wide need.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Asst. County Atty., Chief, Appellate Division and Thomas A. Weist, Minneapolis, for respondent.

PETERSON, Justice.

Defendant was found guilty by a district court jury of a charge of aggravated robbery, Minn.Stat. § 609.245 (1978), and was sentenced by the trial court to a 3– to 20–year term in prison. On this appeal from judgment of conviction defendant contends that the trial court erred in admitting eyewitness identification testimony, other–crime evidence to prove identity, and evidence of defendant's prior convictions for impeachment purposes, and that the trial court erred in refusing to admit expert testimony on the unreliability of eyewitness identification testimony. We affirm.

The trial court properly concluded that the identification procedures did not create a very substantial likelihood of irreparable misidentification, see Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972); Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977), and accordingly was justified in denying the motion to suppress the pretrial and in–court identification evidence. Our decision in State v. Titworth, 255 N.W.2d 241 (Minn. 1977) (similar robberies committed by defendant on the same day) strongly supports the trial court's admission of the other–crime evidence. The trial court did not clearly abuse its discretion in permitting the use of defendant's prior convictions for impeachment purposes. See State v. Mendoza, 297 N.W.2d 286 (Minn.1980); State v. Leecy, 294 N.W.2d 280 (Minn.1980); State v. Brouillette, 286 N.W.2d 702 (Minn.1979). Our decision in State v. Helterbridle, 301 N.W.2d 545 (Minn.1980), in which we held the admission of expert testimony on the unreliability of eyewitness identification to be within the discretion of the trial court, answers defendant's last contention.

Affirmed.

OTIS, Justice (concurring specially).

While I hold to the view that appellant's convictions for assault and attempted escape in no way reflect on his credibility so as to justify their prejudicial effect on a jury, the evidence of appellant's guilt is here so overwhelming that the disclosure of his criminal record, in my opinion, played no significant part in influencing the jury's verdict.