**STATE of Minnesota, Respondent,**

v.

**Stephen Tyrone SAXTON, Appellant.**

**No. CO–81–588.**

Supreme Court of Minnesota.

March 25, 1983.

Rehearing Denied April 20, 1983.

C. Paul Jones, Public Defender, and Margaret LaMarche, Asst. Public Defender, Jack S. Nordby, Minneapolis, for appellant.

Hubert H. Humphrey III, Atty. Gen., St. Paul, Robert F. Carolan, County Atty., and Richard A. Enga, Asst. County Atty., Hastings, for respondent.

PETERSON, Justice.

Defendant was found guilty by a district court jury of two counts of criminal sexual conduct in the first degree, two counts of criminal sexual conduct in the second degree, and one count of simple robbery. The trial court sentenced defendant to 43 months in prison, which is the presumptive sentence for criminal sexual conduct in the first degree (severity level VIII) by a person with defendant's criminal history score (zero). On this appeal from judgment of conviction, defendant raises a multitude of issues. Defendant argues first that his convictions should be reversed outright on the ground that the evidence on the issue of identification was legally insufficient. Alternatively, he makes a large number of claims of trial error in support of his contention that he did not receive a fair trial. Finally, he argues that at least he is entitled to vacation of three of his convictions pursuant to Minn.Stat. § 609.04 (1982). We hold that defendant received a fair trial and that the evidence of his guilt was sufficient; however, we vacate three of his convictions pursuant to section 609.04.

1. Defendant's first contention is that the evidence of his guilt was legally insufficient.

■ The victim, a teenager walking home from summer school in broad daylight, was grabbed by a man, dragged into a wooded area, sexually penetrated in two different ways, and then robbed. The victim gave police a detailed description of her assailant and a composite drawing was prepared. This composite led to the arrest of defendant and to the discovery of another woman, who testified that she had been jogging by the wooded area about the time the rape occurred and had seen the man depicted in the composite. Both the victim and the jogger selected defendant's pictures from a display of nine photographs, identified him in a corporeal lineup, selected his picture from a subsequent display which included more photographs, and positively identified him at trial. There was also other corroborating evidence which placed defendant in the area at the time in question, and defendant's alibi evidence was impeached.

We hold that the evidence was sufficient.

2. Defendant makes a large number of arguments in support of his claim that he did not receive a fair trial. None of these arguments merits detailed discussion.

(a) We hold that defendant was not prejudiced by the prosecutor's delay in disclosing evidence as to when the victim's mother first reported the offense to the police or by the prosecutor's failure to include the mother's name on the list of proposed witnesses.

(b) There is insufficient evidence to support defendant's contention that the prosecutor improperly discouraged state's witnesses from talking with defense counsel.

(c) The trial court properly denied defendant's motion to suppress the identification evidence on due process grounds. In *Manson v. Brathwaite,* 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977), and *Neil v. Biggers,* 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972), the United States Supreme Court held that identification evidence is not inadmissible on due process grounds unless the identification procedures used were so suggestive as to create a "very substantial likelihood of irreparable misidentification." The identification procedures used in this case did not create such a likelihood.

(d) Defendant's contention that the trial court prejudicially erred in refusing to admit expert testimony about the factors that can result in eyewitness misidentification is answered by our decisions in *State v. Helterbridle,* 301 N.W.2d 545 (Minn.1980), and *State v. St. John,* 299 N.W.2d 737 (Minn.1980).

(e) Defendant's contention that the trial court erred in refusing to admit evidence that defendant had "passed" a test given him by a polygraph expert hired by the defense is answered by our long line of decisions rejecting such evidence. *See e.g., State v. Michaeloff,* 324 N.W.2d 926 (Minn. 1982).

(f) Contrary to what defendant argues, police testimony concerning the photographic identification procedures did not erroneously suggest that defendant had a prior criminal record. *State v. Serna,* 290 N.W.2d 446 (Minn.1980).

(g) Defense counsel did not object to evidence concerning the reasons police arrested defendant (because, among other things, he closely resembled the man depicted in the composite) and was not prejudiced by the evidence in any event.

(h) There is no merit to defendant's contention that the trial court improperly interrogated a juror concerning whether the juror had overheard a conversation between the prosecutor and the victim's father in the hallway. This interrogation, which occurred in the presence of the attorneys, was both necessary and proper. We also reject defendant's argument that the trial court committed prejudicial error in instructing the juror as to what he should tell the other jurors if they asked him why the court wanted to talk with him.

(i) The record does not support defendant's argument that the prosecutor committed prejudicial misconduct in his closing argument or that defendant's trial counsel was not allowed to argue that the eyewitness identifications were mistaken and that the police investigation was unfair.

(j) The trial court's instruction on eyewitness identification evidence was adequate. *State v. Spann,* 287 N.W.2d 406 (Minn.1979).

3. Defendant's final contention is that three of the four sex convictions should be vacated pursuant to Minn.Stat. § 609.04 (1982), which prevents the state from convicting a defendant twice of the same offense or of a greater and a lesser-included offense on the basis of the same act or course of conduct. The state agrees that the two convictions for second-degree criminal sexual conduct should be vacated but argues that both convictions for criminal sexual conduct in the first degree should stand because they were based on separate kinds of penetration occurring in a single behavioral incident. However, in *State v. Dudrey,* 330 N.W.2d 719 (Minn., 1983), we rejected this argument and held that only one such conviction should be permitted in such a situation. Accordingly, one of defendant's convictions for criminal sexual conduct in the first degree and

both convictions for criminal sexual conduct in the second degree must be vacated.

Two convictions affirmed; three convictions vacated.