**STATE of Minnesota, Respondent,**

v.

**Peter DILLENER, Appellant.**

**No. C2-83-323.**

Supreme Court of Minnesota.

July 15, 1983.

C. Paul Jones, Public Defender, and Mollie G. Raskind, Deputy Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey III, Atty. Gen., St. Paul, W.M. Gustafson, County Atty., St. Peter, for respondent.

AMDAHL, Chief Justice.

This is a sentencing appeal. In December of 1981 defendant entered a straight guilty plea to a charge of aggravated forgery, Minn.Stat. § 609.625, subds. 1(1), 3 (1982). The offense is a severity level III offense. Defendant's criminal history score was zero. The presumptive sentence was 1 year and 1 day stayed. On January 25, 1982, the trial court stayed imposition of sentence and placed defendant on probation on condition that he spend 60 days in jail and pay restitution in the amount of $100 per month (the total amount taken was approximately $4,000). The court gave defendant, who was not a resident of Minnesota, permission to leave the state. Subsequently, the court vacated the stay of imposition after defendant violated the terms of his probation. Then on December 7, 1982, the court imposed a prison term of 2 years, stayed execution and ordered defendant to serve 1 year of probationary jail time with eligibility for work release under the Huber Law. The court conditioned probation on defendant's making restitution and ordered that defendant would be released from jail as soon as he had made full restitution or after he had served 6 months in jail, whichever was later. The court stated that the purpose of doubling the sentence duration from 1 year and 1 day to 2 years was to remove any incentive to defendant to reject proba-

tion and insist on execution of the prison term. (If the court had sentenced defendant to 1 year and 1 day stayed, defendant would have had the option of rejecting probation and its conditions, going to prison and being released in 8 months with no requirement of making restitution. By doubling the sentence duration, the court made rejection of probation less desirable.) When the court imposed this sentence the court stated that it was basing the durational departure on defendant's unamenability to probation and on the court's desire to give defendant an incentive to make restitution.

The state concedes that neither of the grounds relied upon by the trial court was a valid ground for a *durational* departure, and we agree. We do not address the issue of whether there were grounds which would justify a *dispositional* departure because that issue is not before us. Defendant's request that we reduce his probationary jail time to 6 months or one-half the duration of the presumptive sentence is denied. *State v. Randolph,* 316 N.W.2d 508 (Minn.1982), which is relied upon by defendant, simply suggested that a practical way of discouraging defendants from rejecting probation is for trial courts to limit probationary jail time to one-half of the presumptive sentence, thereby making probation more desirable. However, the opinion in *Randolph* made it clear that that was a decision that the trial court had to make and that a defendant had no *right* to such a limit on jail time.

Remanded for resentencing.