STATE of Minnesota, Respondent,

v.

Mary Ann JACKSON, Appellant.

No. C4–83–1568.

Court of Appeals of Minnesota.

June 12, 1984.

Review Granted Sept. 5, 1984.

C. Paul Jones, Public Defender, Mary C. Cade Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Thomas Foley, Ramsey County Atty., Ste-

ven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

Considered and decided by SEDGWICK, P.J., PARKER and CRIPPEN, JJ., with oral argument waived.

## OPINION

SEDGWICK, Judge.

Appellant was charged with uttering a forged instrument, aggravated forgery, and theft by check. All three charges arose from the writing of a single check in payment for a watch. Defendant was tried by the court, convicted on all counts and sentenced to three concurrent 20 month terms with execution of sentence stayed. We affirm in part, reverse in part and remand.

## FACTS

A man and woman entered Richard's Diamond Center after looking at a watch in the store window. The store manager, Meath, recognized the man as a customer, but had not seen the woman before. Meath took the watch from the window, the parties discussed the price and the woman wrote a check for the purchase price. Meath watched her sign the check and asked for and received identification including a work I.D. with her picture on it. The name on the check as well as on the work I.D. was Virgella Smith. A salesclerk also witnessed the transaction and both the clerk and Meath observed the woman for the 10–15 minutes she was in the store. Each identified her from a photo line-up and also in court.

At trial, Virgella Smith identified the check as hers, testified she had ordered checks, but never received them and that she did not give appellant permission to sign her name and use her checks.

## ISSUES

1. Was the eyewitness identification sufficient?

2. Can defendant be convicted of two separate statutory crimes under Minn.Stat. § 609.625 as a result of a single act?

3. Can defendant be sentenced for three crimes?

## ANALYSIS

1. Both the store manager and the sales clerk observed defendant: (1) for 10 to 15 minutes, (2) at close range, under store lighting, (3) while they were not under stress. (4) They were both able to positively identify defendant from a photo line-up of 10 black women 18 days after the check was written, and (5) also made a positive identification at trial. The reliability of the eyewitness identification was positive beyond a reasonable doubt when assessed against the above five factors in *State v. Burch*, 284 Minn. 300, 170 N.W.2d 543, 553 (1969).

2. Appellant's claim that no more than two convictions are permitted under Minn.Stat. § 609.04 is not valid. Each of the three counts included an element that the other two did not. Uttering a forged instrument requires passing the check with knowledge it is forged. Aggravated forgery requires only the making or altering of an instrument with intent to defraud. Theft does not require forgery.

Minn.Stat. § 609.04 provides that a defendant may be convicted of either the crime charged or an included offense, but not both. The offenses here are separate crimes.

3. Appellant contends she may be punished for only one offense because this was a single behavioral incident.

Minn.Stat. § 609.035 provides:

Except as provided in § 609.585, if a person's conduct constitutes more than one offense under the laws of the state he may be punished for only one of such offenses and a conviction or acquittal of any one of them is a bar to prosecution for any of them. All such offenses may be included in one prosecution which shall be stated in separate counts.

In determining whether the three crimes fall within a single behavioral incident, the singleness of purpose of the defendant and the unity of time and place of the behavior are factors to be considered. Advisory Committee Comment, Minn.Stat. § 609.035.

If, as in this case, intent is required for the crime committed, the following tests determine applicability of the statute:

1. The conduct involved must be motivated by a desire to obtain a single, criminal objective.

2. The offenses must occur at substantially the same time and place, arise in a continuous and uninterrupted course of conduct and manifest an indivisable state of mind.

*State v. Johnson*, 273 Minn. 394, 404–405, 141 N.W.2d 517, 525 (1966). Applying these tests, aggravated forgery, uttering a forged instrument and theft by check were part of the same behavioral incident.

The Minnesota Supreme Court has ruled that sentences for both aggravated forgery, uttering and theft by check arising out of the same conduct are illegal under Minn.Stat. § 609.035. *State v. Idowu*, 272 N.W.2d 354 (Minn.1978).

## DECISION

All three of appellant's convictions are affirmed. We reverse on the sentencing issue and remand with instructions to enter sentence for one crime only.