**STATE of Minnesota, Respondent,**

**v.**

**Mary Ann JACKSON, petitioner, Appellant.**

**No. C4–83–1568.**

Supreme Court of Minnesota.

March 8, 1985.

C. Paul Jones, Public Defender, Mary C. Cade, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Thomas J. Foley, Ramsey, Co. Atty., Steven C. DeCoster, Asst. Co. Atty., St. Paul, for respondent.

TODD, Justice.

After a court trial, Mary Ann Jackson was found guilty of uttering a forged instrument, aggravated forgery, and theft by check. The trial court entered formal adjudications for each conviction and sentenced Jackson to three concurrent 20-month terms of imprisonment which were stayed subject to certain conditions. On appeal to the court of appeals, Jackson challenged the sufficiency of the evidence to support her convictions. She also sought vacation of two of her three sentences and two of her three convictions under Minn.Stat. §§ 609.035 and 609.04. The court of appeals affirmed the trial court on the sufficiency and conviction issues, but ordered two of Jackson's three sentences vacated. *See State v. Jackson,* 349 N.W.2d 358 (Minn.App.1984). We granted further review and affirm the court of appeals on the sufficiency question, but reverse its decision on the conviction issue.

During the afternoon of March 4, 1983, a man and a woman entered Richard's Diamond Center in downtown St. Paul. The store manager, Todd Meath, recognized the man as a former customer, but he did not recognize the woman. The man asked Meath to show him a watch that was on display in the store window. After showing him the watch and discussing the purchase price, Meath sold the watch at a discount to the woman who bought it as a gift for the man. The woman paid for the watch with a check. When asked for identification, she produced a temporary driver's license and a photo I.D. from her job. Each piece of identification and the check given for the watch were in the name of Virgella Smith. During the 10 to 15 min-

utes the couple spent in the store, they were observed by Meath and another employee, Carol Groess.

Later, it was discovered that the check given for the watch and the photo I.D. had been forged. On March 22, 1983, both Meath and Groess positively identified Jackson as the woman who bought the watch from a photo display of ten black women they were shown by Sergeant Paul Paulos of the St. Paul Police Department. Although Paulos had no specific suspect in mind when he selected these photos, they depicted young black females who had previously been involved in forgeries.

Paulos, Meath, Groess, and Virgella Smith, the woman whose checks had been stolen, testified at trial. Based on their testimony, the trial court sitting without a jury found Mary Ann Jackson guilty on counts of uttering a forged instrument, aggravated forgery and theft by check.

The issues presented are:

1. Whether the evidence was sufficient to support Jackson's convictions?

2. Whether Jackson is entitled to vacation of either her conviction for uttering a forged instrument or her conviction for aggravated forgery under Minn.Stat. § 609.-04 (1984)?

■ 1. We have reviewed the record and find no merit to Jackson's claim that the evidence does not support her convictions. *See State v. Burch,* 284 Minn. 300, 315–16, 170 N.W.2d 543, 553–54 (1969) (for a discussion of factors to be considered in assessing the reliability of eyewitness identifications).

■ 2. The court of appeals correctly ordered two of Jackson's three sentences vacated pursuant to Minn.Stat. § 609.035 (1984) since each sentence was imposed for an offense committed during a single behavioral incident. *See State v. Idowu,* 272 N.W.2d 354, 355 (Minn.1978). As this case illustrates, however, some confusion has arisen in our trial courts regarding the

application of Minn.Stat. § 609.04 which provides in part:

Subdivision 1. Upon prosecution for a crime, the actor may be convicted of either the crime charged or an included offense, but not both. An included offense may be any of the following:

(1) A lesser degree of the same crime; or

(2) An attempt to commit the crime charged; or

(3) An attempt to commit a lesser degree of the same crime; or

(4) A crime necessarily proved if the crime charged were proved; or

(5) A petty misdemeanor necessarily proved if the misdemeanor charge were proved.

 In affirming Jackson's convictions for aggravated forgery and uttering a forged instrument,[1] the court of appeals confined its analysis to considering whether each conviction required proof of an element not required by the other. *See Jackson*, 349 N.W.2d at 360. This approach will correctly identify whether one of two crimes is an "included offense" under the test established in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), to determine whether two offenses are sufficiently distinguisha-

ble to constitutionally permit multiple punishments or prosecutions.[2] *See id.* at 304, 52 S.Ct. at 182. Section 609.04, however, exceeds the requirements of *Blockburger*. By defining "a lesser degree of the same crime" as an included offense, section 609.04, subd. 1(1), expressly prohibits multiple convictions which might not be prohibited by the Double Jeopardy Clause. *See, e.g., State v. Saxton*, 331 N.W.2d 240 (Minn. 1983). Moreover, we have consistently held that section 609.04 bars multiple convictions under different sections of a criminal statute for acts committed during a single behavioral incident.[3] *See State v. LaTourelle*, 343 N.W.2d 277 (Minn.1984); *State v. Patch*, 329 N.W.2d 833 (Minn. 1983); *State v. Chamberlain*, 301 N.W.2d 313 (Minn.1981).

Although the State would have us reverse these decisions and construe section 609.04 as prohibiting only those convictions which would be impermissible under *Blockburger*, we decline to do so.

 The State concedes and the court of appeals found that the acts Jackson committed were part of a single behavioral incident. *See Jackson*, 349 N.W.2d at 360. Therefore, one of the two formal adjudications of conviction for violating section 609.625 must be vacated.[4]

---

1. Both of these convictions were imposed for violating Minn.Stat. § 609.625. Jackson's "aggravated forgery" conviction was based on subdivision 1 which prohibits making or altering certain writings or objects with the intent to defraud. The conviction for "uttering a forged instrument" was based on subdivision 3.

2. In describing the requirements of the Double Jeopardy Clause of the United States Constitution, the Court in *Blockburger* explained:

The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not....

284 U.S. at 304, 52 S.Ct. at 182.

3. Jackson does not challenge the separate conviction for theft by check since it is based on a different criminal statute, Minn.Stat. § 609.52. *See State v. Idowu*, 272 N.W.2d 354, 355 (Minn. 1978).

4. In *State v. Plan*, 316 N.W.2d 727 (Minn.1982), we explained that a conviction must be vacated under section 609.04 only if defendant was "formally adjudicated" guilty of that offense. We also explained that: "whether a defendant was 'formally adjudicated' guilty of an offense is usually determined by looking at the official judgment of conviction which appears as a separate sheet in the file." *Id.* at 729.

In *State v. LaTourelle*, 343 N.W.2d 277 (Minn. 1984), we held:

* * * that the proper procedure to be followed by the trial court when the defendant is convicted on more than one charge for the same act is for the court to adjudicate formally and impose sentence on one count only. The remaining conviction(s) should not be formally adjudicated at this time. If the adjudicated conviction is later vacated for a reason not relevant to the remaining unadjudicated conviction(s), one of the remaining unadjudicated convictions can then be formally adjudicated and sentence imposed, with credit, of course, given for time already served on the vacated sentence.

*Id.* at 284.

Affirmed in part, reversed in part and the conviction for uttering a forged instrument is vacated.