STATE of Minnesota, Respondent,

v.

Donald Duane OLSON, Appellant.

No. C7–85–967.

Court of Appeals of Minnesota.

Aug. 20, 1985.

Hubert H. Humphrey, III, State Atty. Gen., Paul R. Kempainen, Sp. Asst. Atty. Gen., St. Paul, Martin Berg, Roseau County Atty., Roseau, for respondent.

C. Paul Jones, State Public Defender, Steven P. Russett, Asst. State Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and FOLEY and LESLIE, JJ., with oral argument waived.

## SUMMARY OPINION

FOLEY, Judge.

### FACTS

Appellant Donald Duane Olson pleaded guilty to possession of over 1.5 ounces of marijuana. He was sentenced to prison for 17 months. The presumptive sentence, based on a severity level I offense and criminal history score of 5, was 17 months, execution stayed. Appellant subsequently moved to reduce the sentence to 13 months, arguing his criminal history score was 3 but that the sentencing court erroneously included a 1979 conviction resulting in a gross misdemeanor sentence and that two 1983 convictions resulted in no sentence for one of the convictions.

The trial court did not address the merits of appellant's contentions and instead stated in its order denying the motion that it had intended to depart both dispositionally and durationally. The trial court quoted the following statements it made previously at sentencing.

Since 1959 Mr. Olson has been convicted five times of controlled substance offenses, two of which included heroin. He is a veteran dealer who has time and again demonstrated his disrespect for drug laws. He is clever in his dealings and has gained sophistication with experience. Neither parole nor probation have had any effect on him in the past. To put Mr. Olson on probation would bring discredit to the criminal justice system. While imprisonment of Mr. Olson is not likely to reform him, for at least the time he is in prison he will not be selling drugs to the youth of Warroad and Roseau County.

Appellant does not contest the dispositional departure; only the duration of his sentence is at issue on appeal.

### DECISION

■ 1. The State concedes the 1979 conviction was erroneously included in his criminal history score. *See* Minnesota Sentencing Guidelines II.B.1(c). However, the 1983 convictions were for possession of marijuana over 1.5 ounces with intent to distribute and possession of codeine with intent to distribute. Contrary to appellant's assertion that no sentence was imposed for the codeine conviction, appellant was sentenced to 19 months imprisonment for the marijuana offense and was given a stay of imposition for the codeine charge. Under Minnesota Sentencing Guidelines II.B.1 one point may be assigned for every felony conviction for which a felony sentence was stayed or imposed. *See State v. Johnson,* 330 N.W.2d 446, 447 (Minn.1983). Thus, there was no error in including both convictions in his history score.

■ Appellant has failed to establish that the prohibition against multiple sentences for a single behavioral incident would be violated by assigning him two points for the 1983 convictions. *See generally State v. Jackson,* 349 N.W.2d 358, 360 (Minn.Ct.App.1984), aff'd in part, rev'd in part, 363 N.W.2d 758 (Minn.1985) (outlining

tests to determine when Minn.Stat. § 609.-035 is applicable); *Mercer v. State*, 290 N.W.2d 623, 626 (Minn.1980) (drug possession offense and gun possession offense were independent even though their commission was discovered by police at same time). Thus, appellant's criminal history score is 4; the presumptive sentence is 15 months.

2. From our review of the sentencing transcript, it appears the trial court did not intend to depart durationally. We note the State did not move for such a departure and nothing in the record shows that this was the intent of the trial court. In fact appellant was sentenced to 17 months, the presumptive duration as determined at sentencing.

In addition, the reasons listed by the trial court in its order denying appellant's motion for reduction of sentence do not support a durational departure. The reference to appellant's prior convictions cannot be used because they have already been taken into account in determining his criminal history. *State v. Brusven*, 327 N.W.2d 591, 593 (Minn.1982). The reference to appellant's suitability for probation has no bearing for a durational departure. *State v. Dillener*, 336 N.W.2d 268, 269 (Minn. 1983). The further reference to the need to protect the community also has no bearing for durational departures. *State v. Ott*, 341 N.W.2d 883, 884 (Minn.1984).

The State argues that appellant was originally charged with aiding, advising and conspiring to distribute a controlled substance but pleaded to the less serious offense of possession of marijuana. However, offenses for which appellant is no longer charged should not be considered in determining whether to depart. *Brusven*, 327 N.W.2d at 593.

In sum, the record does not establish that there was a durational departure and even if there was such a departure the record does not support it because there are no substantial and compelling circum-

stances to depart durationally. Appellant's sentence is thus modified to 15 months.

Affirmed as modified.