**STATE of Minnesota, Respondent,**

v.

**O'Darius Marcus FIELDS,
petitioner, Appellant.**

**No. C8–87–1100.**

Supreme Court of Minnesota.

Dec. 18, 1987.

---

C. Paul Jones, Minnesota State Public Defender, Melissa Sheridan, Minneapolis, for appellant.

Hubert H. Humphrey, III, State Atty. Gen., St. Paul, Tom Foley, Ramsey Co. Atty., St. Paul, for respondent.

## OPINION

AMDAHL, Chief Justice.

The issue on this appeal is whether defendant, O'Darius Marcus Fields, properly challenged an upward durational departure from the presumptive sentence by moving for a modification of the sentence at the hearing on the revocation of the stay of execution of sentence and then appealing from the denial of the motion. The court of appeals, in refusing to decide the validity of the departure, held that in order to get the sentencing issue before the court of appeals the defendant first must formally petition for postconviction relief and then appeal from the denial of that relief. *State v. Fields*, 413 N.W.2d 275 (Minn.App.1987). We conclude that defendant properly raised the sentencing issue at the revocation hearing and that the court of appeals erred in refusing to decide that issue on appeal. Accordingly, we reverse and remand the case to the court of appeals for consideration of defendant's appeal on the merits.

Defendant pleaded guilty in 1983 to uttering a forged instrument. The presumptive sentence was an executed sentence of 21 months in prison. The trial judge, Honorable Joseph P. Summers, doubled the presumptive sentence duration but also departed dispositionally by placing defendant, who was in a treatment program, on probation. Judge Summers said that he felt, given defendant's long criminal history, the longer sentence was needed as a deterrent and would make the probation more effective. Defendant did not appeal at that time.

Subsequently defendant violated the terms of probation by possessing cocaine. Following his conviction of that offense, this case came on for a probation revocation hearing before the Honorable William J. Fleming, Judge Summers having died. At the hearing, defendant and his attorney agreed that the stay of execution should be revoked but argued that the sentence should be reduced because Judge Summers did not give adequate reasons for departing and there were none. The prosecutor argued that defendant should have appealed in 1984 when the aggravated sentence was imposed. Judge Fleming reaffirmed the sentence, saying that in his opinion Judge Summers did not err in departing durationally. Judge Fleming also told defendant that he could appeal the matter.

Defendant appealed to the court of appeals, arguing that the departure was unjustified. The court of appeals affirmed, ruling that the departure issue was not properly before it. Specifically, the court ruled that one in defendant's position must either attack the departure on a timely direct appeal from the original judgment of conviction or must file a postconviction petition and appeal from the denial of postconviction relief. *State v. Fields*, 413 N.W. 2d 275 (Minn.App.1987).

Defendant argued in his petition for review that he properly raised the issue by motion at the probation revocation hearing, since Minn.R.Crim.P. 27.03, subd. 9, allows the district court to consider a motion to modify a sentence at any time during a stay of execution of sentence, and that the appeal was a timely appeal from an order denying a motion to amend the sentence. *State v. Mavis*, 405 N.W.2d 547, 549 (Minn. App.1987) (refusing to dismiss appeal by

defendant from order denying a motion for modification of sentence that was made at hearing on revocation of stay of execution of sentence), *rev'd on other grounds*, 409 N.W.2d 853 (Minn.1987); *see also Bixby v. State*, 344 N.W.2d 390 (Minn.1984) (defendant sentenced to executed prison term moved sentencing court for order modifying sentence on ground that sentencing court erred in computation of criminal history score; sentencing court declined to rule on motion; in subsequent postconviction proceeding we stated that the sentencing court should have decided the issue when it was presented to it). The Ramsey County Attorney's Office urged this court to grant the petition for review in order to determine how defendant could expeditiously obtain review of the validity of the durational departure.

A delay in challenging a durational departure may occur because a defendant who is placed on probation pursuant to a stay of execution of an aggravated sentence has less incentive to appeal the durational departure. It is often only when the stay of execution is revoked that the defendant needs to appeal the durational departure. We believe that it would be wrong to do anything to require a defendant in this position to either appeal directly at the time the sentence is imposed or not at all, because that would lead to an increase in sentencing appeals. A defendant who might never have appealed because he planned to succeed on probation would be compelled to appeal a questionable durational departure at the outset in order to protect himself from serving an unjustifiably long sentence in the event of revocation of probation.

The court of appeals' opinion does not force a defendant to appeal when the stayed but aggravated sentence is imposed but it does require the defendant whose probation is revoked and who wants to challenge the departure to do something that the Rules of Criminal Procedure do not require him to do. We believe that Minn.R.Crim.P. 27.03, subd. 9, allows the defendant to challenge the departure by a simple motion at the time of the revocation hearing. This procedure is preferable to requiring the defendant to challenge the departure in a postconviction proceeding because (a) the requirements associated with seeking postconviction relief are more formal and time consuming and (b) the defendant is present in court in any event at the time of the revocation hearing, whereas if he needs to testify at a postconviction hearing he will have to be transported from the prison to the district court.

In conclusion, we believe that the issue was properly before the court of appeals and we therefore remand the case to the court of appeals for consideration on the merits.

Reversed and remanded to court of appeals.