STATE of Minnesota, Respondent,

v.

O'Darius Marcus FIELDS, Appellant.

No. C8-87-1100.

Court of Appeals of Minnesota.

March 15, 1988.

Review Granted April 26, 1988.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas Foley, Ramsey Co. Atty., Melinda S. Elledge, Asst. Ramsey Co. Atty., St. Paul, for respondent.

C. Paul Jones, Public Defender, Melissa Sheridan, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by WOZNIAK, C.J., and PARKER and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

NIERENGARTEN, Judge.

This case is before this court on remand from the Supreme Court for consideration on the merits. Appellant O'Darius Fields contended the sentencing court erred by imposing a sentence which is double the presumptive sentence under the sentencing guidelines. Fields also contended the revoking court erred by failing to modify the sentence. We affirm.

## FACTS

We restate the facts as previously reported. *See State v. Fields*, 413 N.W.2d 275, 276 (Minn.Ct.App.1987), *rev'd*, 416 N.W.2d 734 (Minn.1987). Fields was charged with aggravated forgery and uttering a forged instrument. He pleaded guilty to one count on September 9, 1983. Sentencing was continued because Fields was participating in a treatment program.

Fields was found guilty of uttering a forged instrument and sentenced in March 1984. The court noted Fields' prior criminal record and stated that it did not believe Fields should receive the twenty-one month sentence recommended by the sentencing guidelines because it did not believe the presumptive sentence would affect Fields' behavior. However, the trial court indicated it was inclined to place Fields on probation and that it believed a forty-two month stayed sentence was an appropriate departure because the longer sentence would "render probation more effective."

Neither Fields nor his attorney objected to the court's proposed forty-two month stayed sentence, and Fields indicated his approval of the sentence and probation and his understanding that the enhanced sentence was intended as a "deterrent." The sentencing court noted that it believed the public would be better served by allowing Fields to continue his treatment rather than by committing him to prison, but concluded:

> However, as the court previously noted the defendant's previous criminal history is so bad that the court is of the opinion that a 21 month stayed sentence is not a sufficient deterrent for the court to use in inducing Mr. Fields to abide by the conditions of probation.

Accordingly, the court sentenced Fields to forty-two months, but stayed execution of the sentence for five years. Fields was placed on probation. However, Fields subsequently was convicted for cocaine possession and a probation officer recommended that the court vacate the stay of execution of sentence.

The district court vacated the stay of execution of Fields' sentence. Fields admitted he was convicted for possession of cocaine and that the conviction was a violation of his probation conditions. He also agreed that the sentence could be executed, but asserted that the double departure from the guidelines sentence was improper because there were no "substantial and compelling circumstances" justifying a durational departure in his case. He also argued that the probation incentive consid-

erations of the sentencing court were insufficient grounds for departing from the presumptive guidelines sentence.

The court which revoked probation and vacated the stay of execution of sentence indicated that it believed the sentencing court gave adequate reasons for imposing and staying the forty-two month sentence, found that Fields violated the conditions of the stay of the sentence, and consequently ordered Fields to serve the forty-two month sentence.

On appeal, this court concluded the revoking court did not err by declining to modify Fields' sentence because Fields did not file either a timely appeal or a petition for postconviction relief. On further review, the supreme court held Fields could challenge the durational departure by simple motion at the revocation hearing and remanded the case for consideration on the merits. *See Fields*, 416 N.W.2d at 734.

## ISSUE

Did the sentencing court abuse its discretion by departing from the guidelines sentence and imposing a forty-two month sentence?

## ANALYSIS

█ Although the sentencing court's departure from the guidelines sentence was intended to induce Fields to successfully complete treatment in a community program and otherwise comply with his probation conditions, the court's reasons for the departure were not necessarily valid grounds for a durational departure. *See State v. Dillener*, 336 N.W.2d 268, 269 (Minn.1983). However, durational departures are appropriate when a case involves "substantial and compelling circumstances." *See* Minn. Sentencing Guidelines § II.D. A durational departure may be justified if the crime was a "major economic offense" because such offenses may constitute an "aggravating factor." *See id.* § II.D.2.b.(4). A "major economic offense" is defined as

an illegal act or series of illegal acts committed by other than physical means and by concealment or guile to obtain money or property * * *. The presence of two or more of the circumstances listed below are aggravating factors with respect to the offense:

(a) the offense involved multiple victims or multiple incidents per victim;

(b) the offense involved an attempted or actual monetary loss substantially greater than the usual offense or substantially greater than the minimum loss specified in the statutes;

(c) the offense involved a high degree of sophistication or planning or occurred over a lengthy period of time;

    *    *    *    *    *    *

(e) the defendant has been involved in other conduct similar to the current offense as evidenced by the findings of civil or administrative law proceedings or the imposition of professional sanctions.

*Id.*

Fields' conduct in uttering a forged instrument was "an illegal act * * * committed by other than physical means and by concealment or guile to obtain money or property." *See id.* § II.D.2.b.(4). Fields was convicted of uttering a forged instrument for $858.58. The record indicates Fields was involved or directly implicated in other incidents in which he passed checks or used credit cards stolen from the same victim; the total dollar amount of those improper activities exceeded $1,740. The minimum loss sufficient to justify the charge against Fields was considerably less than the $858 check Fields forged and uttered, and substantially less than the total dollar amount allegedly lost by the victims in this case. *Cf. State v. Brigger*, 316 N.W.2d 512, 513 (Minn.1982) (a durational departure was justified because the defendant's offense was a "major economic offense" involving multiple victims or multiple incidents per victim and the total amount obtained in the underlying course of conduct was substantially greater than the minimum amount for the defendant's conviction). Since at least two "aggravating factors" defined in the sentencing guidelines are present, Fields' offense qua-

lifies as a "major economic offense" within the meaning of the guidelines. The record indicates the sentencing court was familiar with Fields' case and his personal and criminal history and therefore in the best position to make a determination about Fields' sentencing. Consequently, the sentencing court did not abuse its discretion by increasing Fields' sentence. *See State v. Sherwood,* 341 N.W.2d 574, 577 (Minn.Ct. App.1983) (the trial court has broad discretion in determining sentencing departures).

A sentencing court must make written findings if the court departs from a presumptive sentence under the guidelines. *See* Minn.Stat. § 244.10, subd. 2 (1986); Minn. Sentencing Guidelines § II.D. Although the sentencing court's stated reasons are insufficient to justify a durational departure from the guidelines, the durational departure can be upheld because there is sufficient evidence in the record to support the departure. *See Williams v. State,* 361 N.W.2d 840, 844 (Minn.1985) ("If the reasons given are improper or inadequate, but there is sufficient evidence in the record to justify departure, the departure will be affirmed.").

The probation revocation court reviewed Fields' case, stated that it believed the sentencing court "gave definable reasons" for imposing the sentence, and concluded the circumstances justified departure in Fields' case. The probation revocation court did not err by declining to modify the sentence.

## DECISION

The appellant's sentence is not improper even though it is double the presumptive guidelines sentence because the record contains sufficient evidence of aggravating factors justifying a durational departure.

Affirmed.