*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0086**

State of Minnesota,
Respondent,

vs.

Jason Ty Anderson,
Appellant.

**Filed January 12, 2015
Affirmed in part, reversed in part, and remanded
Stauber, Judge**

Scott County District Court
File No. 70CR122938

Lori Swanson, Minnesota Attorney General, St. Paul, Minnesota; and

Patrick J. Ciliberto, Scott County Attorney, Todd P. Zettler, Assistant County Attorney, Shakopee, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Jennifer Workman Jesness, Assistant State Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Chutich, Presiding Judge; Reilly, Judge; and Stauber, Judge.

**U N P U B L I S H E D  O P I N I O N**

**STAUBER**, Judge

On appeal from his convictions of driving under the influence (DWI) and obstruction of legal process, appellant argues that his convictions should be vacated

because he was incompetent to stand trial and the district court erred by entering judgments of conviction and sentencing him on multiple offenses that arose from the same criminal acts. We affirm the district court's competency determination but remand for resentencing because the district court erred by formally adjudicating convictions on more than one charge for the same criminal acts.

**FACTS**

Just before 2:00 a.m. on February 8, 2012, appellant Jason Ty Anderson parked his car at a gas pump in Shakopee and sat in his car for about ten minutes without getting any gas. According to the sales associate on duty, appellant then came into the store, ate food "that he had picked up," and "stumble[d] around making a mess at the condiment station." As he approached the register, appellant stumbled and swayed, and the sales associate smelled alcohol. After appellant left the store, the sales associate called police to report a possible drunk driver and provided the license-plate number of appellant's white pickup.

Police were waiting at appellant's home when he arrived there, and after noticing that appellant appeared to be under the influence of alcohol, arrested him on suspicion of DWI. Appellant struggled during his arrest, refusing to follow commands and repeatedly pushing against one of the officers, and it took about a minute to restrain him. After his arrest, appellant agreed to take a urine test, which revealed an alcohol concentration of .15. Appellant was charged with two counts of gross misdemeanor DWI and one count each of gross misdemeanor and misdemeanor obstruction of legal process.

2

Appellant was tried in a bench trial in June 2012 and was found guilty of all charged offenses. When appellant did not cooperate in the preparation of his presentence investigation and gave erratic answers to the evaluator, the district court ordered that appellant be examined for mental competency before proceeding to sentencing.

The clinical psychologist who examined appellant on November 28 and December 12, 2012, Dr. Dawn M. Peuschold, noted that appellant showed "psychotic symptomatology like auditory hallucinations, disorganized speech, paranoia, and delusions," and diagnosed him as having "Psychotic Disorder Not Otherwise Specified." Dr. Peuschold reported that it was "difficult" to formulate an opinion as to appellant's competency because he clearly understood some aspects of the proceedings, such as the charges against him, the trial process, the purpose of punishment, and the consequences of his conviction. But Dr. Peuschold also described appellant as "distractible and easily agitated," and stated that "[s]ome of his statements are paranoid, delusional, or nonsensical." Dr. Peuschold concluded:

> [Appellant] appears to be unable to participate fully in the presentence investigation and the current Rule 20 evaluation. It is unlikely that he can meaningfully consult with his defense counsel or provide information to help mediate his sentence. On balance, [appellant] is, in my clinical opinion, *incompetent to proceed*. It is probable that civil commitment as a Mentally Ill (and Chemically Dependent) Person, inpatient hospitalization, abstinence from alcohol and illicit drugs, and full compliance with appropriate psychopharmacological treatment would restore him to competence within weeks or months.

The district court then ruled appellant incompetent to proceed to sentencing and ordered the county to initiate mental-commitment proceedings. A screening demonstrated that

3

appellant did not meet the criteria for mental commitment. Thereafter, the district court held review hearings on April 17, 2013 and September 9, 2013.

On October 21, 2013, appellant moved to vacate his convictions and for a new trial. At a hearing on October 22, 2013, the district court ruled that appellant was again competent to proceed, reviewing the history of appellant's competency:

> At this time, [appellant], I don't have any evidence in front of me that shows that you're not competent. There is no evidence that you didn't understand the proceedings or that you weren't able to communicate with your lawyer or you didn't know [w]hat was going on at the time. That is something that I went over with both counsel and there are no affidavits nor did either one of them have any information for me to indicate that you were not competent at the time of trial. We certainly know that you weren't competent later on. And we know that you're now competent. But at this time there is just no evidence presented by either of the attorneys or in the court file.

The district court denied appellant's posttrial motions and imposed sentence on one count of gross-misdemeanor DWI and one count of gross-misdemeanor obstruction of legal process. This appeal followed.

## D E C I S I O N

### I.

"A defendant is denied the right to a fair trial under the Due Process Clause if the district court fails to observe adequate procedures to protect the defendant's right not to be tried or convicted while incompetent." *State v. Camacho*, 561 N.W.2d 160, 174 (Minn. 1997); *see* U.S. Const. amend XIV, § 1; Minn. Const. art. I, § 7; *see also Drope v.*

4

*Missouri*, 420 U.S. 162, 172, 95 S. Ct. 896, 904 (1975); *Bonga v. State*, 797 N.W.2d 712, 718 (Minn. 2011). The district court has a duty in criminal proceedings to "be vigilant in ensuring that the defendant is competent to stand trial and that, when a sufficient doubt of the defendant's competence arises, [it] must observe procedures adequate to ensure the defendant's competency." *State v. Bauer*, 310 Minn. 103, 114, 245 N.W.2d 848, 854 (1976). These constitutional requirements are preserved under Minn. R. Crim. P. 20.01, which, among other mandates, requires the district court to suspend criminal proceedings and order a competency evaluation when a defendant's competence comes into question. A defendant is competent to stand trial if the defendant "'has sufficient present ability to consult with [a] lawyer with a reasonable degree of rational understanding' and 'has a rational as well as factual understanding of the proceedings against him.'" *Bonga*, 797 N.W.2d at 718 (quoting *Dusky v. United States*, 362 U.S. 402, 402, 80 S. Ct. 788, 789 (1960) (per curiam)); *see* Minn. R. Crim. P. 20.01, subd. 1. Behaviors that may demonstrate the need for a competency examination include the defendant's trial demeanor, irrational behavior, and evidence of prior incompetence. *Bauer*, 310 Minn. at 116, 245 N.W.2d at 855; *see Drope*, 420 U.S. at 179; 95 S. Ct. at 907. On undisputed evidence, a reviewing court considers whether the district court "gave proper weight to the information suggesting incompetence in concluding that there was not sufficient" evidence to establish a defendant's incompetency. *Bauer*, 310 Minn. at 117, 245 N.W.2d at 856 (quotations omitted).

Appellant argues that the district "court erred by not conducting further hearings or ordering further examinations to determine whether [a]ppellant had been competent at

trial." We disagree. The test for competency includes examination of whether the defendant "has sufficient *present* ability" to understand proceedings and consult with an attorney. *Dusky v. United States*, 362 U.S. at 402, 80 S. Ct. at 789 (emphasis added); *see* Minn. R. Crim. P. 20.01, subd. 2 (referring to defendant's competence in the present tense, as whether the defendant "lacks ability" to demonstrate competence). At the time of trial, appellant did not show by his communications or demeanor that he was incompetent to stand trial. He participated in his defense, consulted with his attorney, and demonstrated no behaviors that would suggest the need for a competency evaluation. Appellant suggests that his colloquy with the district court about whether to waive his right to testify included him giving "paranoid" and "nonsensical" responses, but appellant's statements to the district court judge do not support this claim. During the colloquy, the district court asked appellant specific questions about his understanding of his rights and about whether appellant had had sufficient time to discuss them with his attorney, and discussed whether certain evidence would be admissible. Appellant's competence was evident from his communications made on the record.

For a period beginning several months after the trial, appellant was declared incompetent, but his competence was later restored. While appellant argues that his attorney "raised concerns about his competency at the time of trial when she moved to set aside the verdict," this motion was made approximately a year-and-a-half after trial, on October 21, 2013. The trial was held on June 13, 2012. This timeline of events suggests no error in the district court's consideration of or rulings on appellant's competence to stand trial.

6

## II.

When a challenge to a sentence is based on a legal issue, this court's review is de novo. *State v. DeRosier*, 719 N.W.2d 900, 903 (Minn. 2006). This court may "determine whether the sentence is inconsistent with statutory requirements, unreasonable, inappropriate, excessive, unjustifiably disparate, or not warranted by the findings of fact issued by the district court." Minn. Stat. § 244.00, subd. 2(b)( 2012). An offender "does not waive relief from multiple sentences or convictions arising from the same behavioral incident by failing to raise the issues at the time of sentencing." *State v. Clark*, 486 N.W.2d 166, 170 (Minn. App. 1992).

Appellant argues that the district court erred by entering judgments of conviction on two separate DWI counts when they arose as part of a single behavioral incident. There are three sentencing orders in this case; appellant's brief only references the first sentencing order, dated October 22, 2013, which does not identify the precise statutory offenses for which the district court imposed sentence. But in the second and third sentencing orders, which are both dated January 3, 2014, the district court entered judgments of conviction and imposed sentence on count 1 of the amended complaint, gross misdemeanor DWI, Minn. Stat. § 169A.20, subd. 1(1) (2012) (driving under the influence), and count 3, gross-misdemeanor obstruction of legal process, Minn. Stat. § 609.50, subds. 1(2), 2(2) (2012). The court also entered judgments of conviction on count 2, gross-misdemeanor DWI, Minn. Stat. -§ 169A.20, subd. 1(5) (2012) (.08 or

7

more), and count 4, misdemeanor obstruction of legal process, Minn. Stat. § 609.50, subds. 1(2), 2(3) (2012), but did not impose sentence for those convictions.[1]

However, Minn. Stat. § 609.04, subd. 2 (2012), provides that "[a] conviction . . . of a crime is a bar to further prosecution of any included offense, or other degree of the same crime." *See State v. Jackson*, 363 N.W.2d 758, 760 (Minn. 1985) (ruling that section 609.04 prohibits "multiple convictions under different sections of a criminal statute for acts committed during a single behavioral incident"). The district court's final sentencing order properly imposes sentence on only one of the two DWI offenses, but enters judgments of conviction on both DWI offenses. Under *State v. LaTourelle*, 343 N.W.2d 277, 284 (Minn. 1984), the district court must adhere to the following procedure when adjudicating guilt for alternate counts of the same criminal offense:

> We hold that the proper procedure to be followed by the [district] court when the defendant is convicted on more than one charge for the same act is for the court to adjudicate formally and impose sentence on one count only. The remaining conviction(s) should not be formally adjudicated at this time. If the adjudicated conviction is later vacated for a reason not relevant to the remaining unadjudicated conviction(s), one of the remaining unadjudicated convictions can then be formally adjudicated and sentence imposed, with credit . . . given for time already served on the vacated sentence.

Under *LaTourelle*, the district court erred by entering judgment of conviction on the gross-misdemeanor DWI (.08 or more) offense after entering judgment of conviction on the other DWI offense, and we remand for the district court to vacate that conviction. For

---

[1] As to the convictions for which it did not impose sentence, the district court order states: "Ct 2: 2[degree] DWI .08 or more & Ct 4: Obstruct legal process; Convicted-No Sentence pronounced."

8

the same reason, the district court also erred by entering judgment of conviction on the misdemeanor obstruction-of-legal-process offense after it had entered judgment of conviction on the gross-misdemeanor obstruction-of-legal-process offense. Therefore, we also direct the district court to vacate the misdemeanor obstruction-of-legal-process conviction.

**Affirmed in part, reversed in part, and remanded.**