*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1418**

State of Minnesota,
Respondent,

vs.

Glenn Kevin Hazley,
Appellant.

**Filed March 14, 2016
Reversed and remanded
Rodenberg, Judge**

Hennepin County District Court
File No. 27-CR-14-25709

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Linda M. Freyer, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Chang Lau, Assistant Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Rodenberg, Presiding Judge; Larkin, Judge; and Hooten, Judge.

## U N P U B L I S H E D   O P I N I O N

**RODENBERG**, Judge

        On appeal from his probation revocation, appellant Glenn Kevin Hazley challenges his underlying sentence, arguing that the district court erred by sentencing him

to a 24-month upward durational departure under Minn. Stat. § 609.1095, subd. 4 (2014), while at the same time staying execution of appellant's sentence consistent with a plea agreement. We reverse and remand.

## FACTS

Appellant was charged with third-degree burglary in violation of Minn. Stat. § 609.582, subd. 3 (2014), for an August 31, 2014 incident. The state gave notice that it intended to seek an aggravated sentence under the repeat-offender statute, Minn. Stat. § 609.1095, subd. 4. In a negotiated plea agreement, appellant pleaded guilty and agreed to be sentenced under the repeat-offender statute, with the understanding that his sentence, an imposed but stayed 60-month term of imprisonment, would be both an upward durational departure and a downward dispositional departure. As part of the agreement, appellant agreed that the district court could impose the statutory-maximum term of imprisonment under Minn. Stat. § 609.1095, subd. 4.

In a presentence-investigation report, the reporting probation officer expressed doubt concerning the district court's authority "to sentence beyond the presumptive sentence when the court is not imposing an executed sentence," citing the language of Minn. Stat. § 609.1095, subd. 4. The district court, recognizing that the sentence was a downward-dispositional and upward-durational departure, sentenced appellant to 60 months in prison, stayed execution of the sentence for five years, and ordered appellant to serve 365 days in jail. The district court based the upward departure on the repeat-offender statute, Minn. Stat. § 609.1095, subd. 4.

2

On June 4, 2015, the district court revoked appellant's probation and executed appellant's 60-month prison sentence. This appeal followed.

## D E C I S I O N

Appellant appeals from the revocation of his probation. He does not dispute the district court's decision to revoke his probation. Instead, for the first time on appeal, appellant challenges his underlying sentence. The Minnesota Supreme Court has held that a defendant may challenge the underlying sentence on appeal from an order revoking probation. *State v. Hockensmith*, 417 N.W.2d 630, 632 (Minn. 1988); *State v. Fields*, 416 N.W.2d 734, 736 (Minn. 1987).

### A. Appellant's sentence was unauthorized.

We review a district court's departure from the sentencing guidelines for an abuse of discretion. *State v. Geller*, 665 N.W.2d 514, 516 (Minn. 2003). Whether the district court's departure violated Minn. Stat. § 609.1095, subd. 4, is a legal question that we review de novo. *Vickla v. State*, 793 N.W.2d 265, 269 (Minn. 2011). "If reasons supporting the departure are stated, this court will examine the record to determine if the reasons given justify the departure." *Williams v. State*, 361 N.W.2d 840, 844 (Minn. 1985). "If the reasons given are improper or inadequate and there is insufficient evidence of record to justify the departure, the departure will be reversed." *Id.*

The parties agree that the district court's sentence was not authorized by Minn. Stat. § 609.1095, subd. 4. The statute provides:

> Whenever a person is convicted of a felony, *and the judge is imposing an executed sentence* based on a Sentencing Guidelines presumptive imprisonment sentence, the judge

3

may impose an aggravated durational departure from the presumptive sentence up to the statutory maximum sentence if the factfinder determines that the offender has five or more prior felony convictions and that the present offense is a felony that was committed as part of a pattern of criminal conduct.

Minn. Stat. § 609.1095, subd. 4 (emphasis added). Here, the district court imposed the statutory-maximum sentence, but stayed execution of the sentence.

At sentencing, the district court's sole reason for the upward durational departure was appellant's status as a repeat offender under Minn. Stat. § 609.1095, subd. 4. The district court did not "impose an executed sentence." *Id.* Instead, it granted a downward dispositional departure, staying execution of the sentence. Under its plain language, the repeat-offender statute does not apply to appellant's sentence. The sentence was therefore unauthorized.

## B. The invited-error doctrine does not apply.

Although the state agrees that the district court erred in applying the repeat-offender statute, it asks us to affirm by applying the invited-error doctrine. Under the invited-error doctrine, "a party cannot assert on appeal an error that he invited or that could have been prevented at the district court." *State v. Carridine*, 812 N.W.2d 130, 142 (Minn. 2012). No Minnesota case applies the invited-error doctrine to an unauthorized sentence.

The Minnesota Supreme Court has held "that plea agreements cannot form the sole basis of a sentencing departure." *State v. Misquadace*, 644 N.W.2d 65, 71 (Minn. 2002). *Misquadace* implicitly rejects that a plea agreement permits application of the

invited-error doctrine to sentence departures. *Id.* Here, the district court sentenced appellant according to the plea agreement, and the only reason it gave for the upward departure was the repeat-offender statute. Because the repeat-offender statute is inapplicable, only the plea agreement remains to support the departure. Under *Misquadace*, that is insufficient. *Id.*

### C. Remand.

Appellant asks us to direct the district court to impose a sentence within the presumptive guidelines range. Generally, we must "remand to the district court for imposition of the presumptive guidelines sentence" when the district court fails to state a reason for supporting a departure. *State v. Rannow*, 703 N.W.2d 575, 580 (Minn. App. 2005) (citing *Geller*, 665 N.W.2d at 517). But when, as here, the error results from a plea agreement, the district court on remand is "'free to consider the effect that changes in the sentence have on the entire plea agreement' and could entertain motions to vacate the conviction and the plea agreement." *State v. Montermini*, 819 N.W.2d 447, 455 (Minn. App. 2012) (quoting *State v. Lewis*, 656 N.W.2d 535, 539 (Minn. 2003)). We decline to direct the district court concerning appellant's sentence on remand, as doing so would be beyond our proper role as an error-correcting court. *Sefkow v. Sefkow*, 427 N.W.2d 203, 210 (Minn. 1988). On remand, the district court has discretion to determine the appropriate lawful sentence.

**Reversed and remanded.**