STATE of Minnesota, Respondent,

v.

Marie K. MICHAELOFF, Appellant.

No. 82–141.

Supreme Court of Minnesota.

Oct. 15, 1982.

Randall D. B. Tigue, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Tom Foley, County Atty., and Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

KELLEY, Justice.

Defendant was charged in district court with two counts of felony theft, one for taking and one for retaining three sweaters and one fur jacket from two stores at a suburban Twin Cities shopping center. Defendant waived a jury trial. At the conclusion of the state's case-in-chief the trial court ruled that the state had failed to prove that defendant took the jacket and ruled that therefore, without the references to the jacket in the complaint, the charges became misdemeanor charges. At the conclusion of all the evidence the trial court found defendant guilty of misdemeanor theft. The court then sentenced defendant, who had four prior theft convictions, to 90 days in jail, with execution of 60 days stayed. Execution of the entire sentence has been stayed pending appeal. On appeal defendant seeks an outright reversal on the ground that the evidence of her guilt was legally insufficient and alternatively seeks a new trial on the ground that the trial court erred in refusing to admit, for the purpose of corroborating her credibility, evidence concerning the results of a polygraph examination administered to her by an examiner whom she retained independently and without prior agreement by the state.

Our examination of the record satisfies us that there is no merit to defendant's claim that the evidence of her guilt was insufficient.

We decline defendant's request that we reconsider the long-established rule of inadmissibility of polygraph test results "because of the prosecution's nonparticipation, and because we are not persuaded that the reliability of polygraph evidence has improved sufficiently in recent years to warrant reversing * * * prior decisions [of this court] or questioning their rationale." *State v. Goblirsch,* 309 Minn. 401, 246 N.W.2d 12, 15 (1976).

Affirmed.