**STATE of Minnesota, Respondent,**

v.

**Richard D. CARLSON, Appellant.**

No. C5–84–1878.

Court of Appeals of Minnesota.

June 11, 1985.

Review Denied July 26, 1985.

C. Paul Jones, Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Paul Morreim, Freeborn County Atty., Albert Lea, for respondent.

Considered and decided by POPOVICH, C.J., and WOZNIAK and RANDALL, JJ., with oral argument waived.

## OPINION

RANDALL, Judge.

Appellant Richard Carlson brought this appeal to challenge his conviction for felony assault. We affirm.

## FACTS

Appellant was convicted of assault in the third degree under Minn.Stat. § 609.223 (1984). Appellant was accused of severely beating his 10-year-old daughter, Sherie. Sherie's injuries included two black eyes, facial bruises, bruises on her neck and head, and scratches on her arm.

At trial, Sherie testified her father beat her, hit her in both eyes, and gave her a bloody nose. Sherie also testified appellant told her to say she had fallen down the stairs, which is what she first told doctors when seeking treatment. Sherie's attending pediatrician, Dr. Barr, testified Sherie's injuries were caused by a beating and probably caused by a fist.

Appellant claimed Sherie's injuries were caused when he fell as he was lifting her. Although a person would not generally receive this severe of injury from falling, appellant claimed his daughter bruised easily. A jury found appellant guilty of assault in the third degree which consists of an assault resulting in substantial bodily harm.

## ISSUES

1. Was the evidence sufficient to support the jury's finding of guilt?

2. Was appellant denied a speedy trial?

3. Was appellant entitled to a polygraph examination with the results to be admissible at trial?

4. Did the trial court err in denying appellant's motion for a change of venue?

5. Did the trial court err in not removing himself for actual prejudice?

## ANALYSIS

I.

*Sufficiency of evidence*

■ The evidence was sufficient to sustain appellant's conviction. Sherie's testimony, Dr. Barr's testimony, and the photographs taken of Sherie at the hospital tak-

en together were sufficient for a jury to conclude appellant assaulted his daughter and caused substantial bodily harm. *State v. Ulvinen,* 313 N.W.2d 425, 428 (Minn. 1981); *State v. Campion,* 353 N.W.2d 573, 578 (Minn.Ct.App.1984).

## II.

*Speedy trial*

Appellant's claim that he was denied his right to a speedy trial must be examined within the context of the procedural history. Appellant was arrested on December 30, 1983. On February 23, 1984, he made a demand in district court for a trial within 60 days. No plea was entered at that time. The 60 day demand for a speedy trial contemplated by the Minnesota Rules of Criminal Procedure, however, begins to run on the date of a not guilty plea. *See* Minn.R. Crim.P. 11.10.

The trial commenced July 9, 1984, approximately four and one-half months after the demand for a speedy trial *but* only seventeen days after appellant's plea of not guilty on June 22, 1984. Much of the time between February 23 and June 22 was spent on appellant's motions for removal, motions for change of venue, and an omnibus hearing. Not only was no prejudice shown by appellant from the four and one-half month interval, but the interval was taken up mostly by procedural matters of benefit to him.

The controlling date is appellant's not guilty plea on June 22. Thus, the commencement of trial in July was timely. The appellant's claim of a constitutional violation of his right to a speedy trial is without merit. *Barker v. Wingo,* 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972); *State v. Helenbolt,* 334 N.W.2d 400, 405 (Minn.1983).

## III.

*Polygraph examination*

Appellant argues that the denial of his motions to submit to a polygraph test and to admit the polygraph results into evidence was error. While private polygraph examinations at one's own expense are sometimes used by defense counsel as an investigation tool, it has never been seriously argued, much less held, that the results of a polygraph examination must be admissible in a criminal prosecution. The court has discretion to bar polygraph test results even assuming consent by both sides to admittance. *State v. Sullivan,* 360 N.W.2d 418, 422–23 (Minn.Ct.App.1985), *pet. for rev. denied* (Minn. Apr. 12, 1985); *see also State v. Michaeloff,* 324 N.W.2d 926, 927 (Minn.1982).

## IV.

*Change of venue*

Appellant claims the trial court erred by denying his motion for a change of venue. There is nothing in the record to indicate appellant could not have received a fair trial in Freeborn County. *See* Minn.R. Crim.P. 24.03, subd. 1. The trial court's granting or denial of motions for change of venue is discretionary, and the record shows no abuse of discretion.

## V.

*Actual bias*

Appellant claims the second trial judge should have removed himself. Appellant had already used his discretionary removal of one trial judge. Therefore, appellant was required to make an "affirmative showing of prejudice" in order to remove the substitute judge. Minn.Stat. § 542.16, subd. 2 (1984). Appellant failed to make an affirmative showing of prejudice. The trial judge did not err by refusing to remove himself in this matter. *Id.; see Baskerville v. Baskerville,* 246 Minn. 496, 501, 75 N.W.2d 762, 766 (1956).

## DECISION

The evidence was sufficient to sustain appellant's conviction for assault in the third degree. Appellant was not denied his right to a speedy trial. Appellant was not entitled to a polygraph examination. The

trial court properly denied appellant's request for a change of venue. Appellant did not make an affirmative showing of prejudice necessary for the removal of a second judge in a criminal proceeding.

Affirmed.