STATE of Minnesota, Respondent,

v.

Robert Arthur LITZAU, Appellant.

No. CX–85–543.

Court of Appeals of Minnesota.

Nov. 19, 1985.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Stephen C. Rathke, Asst. County Atty., Crow Wing County, Brainerd, for respondent.

C. Paul Jones, Minn. State Public Defender, Renee J. Bergeron, Asst., Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and LESLIE and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

LESLIE, Judge.

Robert A. Litzau appeals from a conviction of third-degree criminal sexual conduct in violation of Minn.Stat. § 609.344(b) (1984), contending that the trial court erred in admitting stipulated polygraph test evidence. He also claims he was denied effective assistance of counsel and that the prosecutor's remarks during closing argument denied him a fair trial. We reverse and remand for a new trial.

## FACTS

Appellant was arrested on May 20, 1984 and pleaded not guilty on June 18, 1984 to sexually abusing a young boy. In July 1984, Litzau agreed to take a polygraph examination. The parties stipulated that if Litzau failed the polygraph test the results would be admissible at trial; if he passed the test the case would be dismissed. Appellant failed the polygraph examination. At a hearing on his request for a jury trial, Litzau again pleaded not guilty, agreed to adhere to the polygraph bargain, and said he understood the results would be admissible at trial.

David Knefelkamp, a polygraph expert with the Minnesota Bureau of Criminal Apprehension, administered the test at the Brainerd jail. He testified for the state and explained the theory underlying polygraph examinations. Knefelkamp stated that he followed proper polygraph procedure in testing Litzau and that the test was valid. He testified that in his expert opinion Litzau lied when he denied having sexual contact with the boy. According to Knefelkamp, a score of −18 on the test indicates the subject is clearly lying. Litzau's score was −38.

During cross-examination, appellant's counsel questioned a witness about *Spreigl* evidence the court previously ruled inadmissible. The State then questioned the witness about Litzau's attempt to have sex with him.

During final argument, the prosecutor referred to the polygraph results. He told the jury appellant flunked by a wide margin. "Eighteen is lying. [Litzau] got a minus 38. Makes him about twice the liar as the one who is barely a liar."

## ISSUE

1. Did the trial court err when it admitted stipulated evidence of a polygraph test?

2. Did appellant receive effective assistance of counsel?

3. Did the prosecutor's statements during closing argument deny appellant a fair trial?

## ANALYSIS

1. Appellant argues that the trial court erred when it admitted the results of a polygraph examination that the parties had stipulated to admit.

Minnesota courts have ruled that polygraph results and any reference to such tests are inadmissible at trial. *See State v. Sullivan*, 360 N.W.2d 418 (Minn.Ct.App. 1985), *pet. rev. denied*, (Minn. Apr. 12, 1985); *State v. Michaeloff*, 324 N.W.2d 926 (Minn.1982). However, the issue here is not admissibility of the polygraph examination but admissibility after stipulation by the parties. This issue has not been squarely addressed by Minnesota courts.

The State argues that *State v. Goblirsch*, 309 Minn. 401, 246 N.W.2d 12 (1976), and *State v. Hill*, 312 Minn. 514, 253 N.W.2d 378 (1977), support its contention that the supreme court has explicitly recognized stipulation as a separate basis for admitting polygraph evidence. In *Goblirsch*, the defendant employed a polygraph expert and wanted to offer results showing his truthfulness. The court reaffirmed its position that polygraph evidence is inadmissible in criminal trials, reasoning that the prosecution had not participated in the polygraph examination and the test's reliability had not improved sufficiently to warrant reversal of its prior decisions. *Gob-*

*lirsch,* 309 Minn. at 407, 246 N.W.2d at 15. A similar situation arose a year later, and the court again held that the polygraph evidence was inadmissible. *Hill,* 312 Minn. at 525, 253 N.W.2d at 385.

The State contends that because the parties stipulated to admit the polygraph results, *Hill* and *Goblirsch* compel the trial court to admit it into evidence. Although the supreme court partially relied on the fact that the parties in *Hill* and *Goblirsch* did not stipulate, we believe the primary reason for disallowing polygraph evidence was that it is not reliable. Such unreliability is not affected by parties' stipulation to admit it into evidence. *See Sullivan,* 360 N.W.2d at 422. We recently held that the mere mention at trial of a polygraph test was error. *State v. Jahnke,* 353 N.W.2d 606 (Minn.Ct.App.1984).

Between 1974 and 1981, the Wisconsin Supreme Court permitted parties to stipulate to the admissibility of polygraph results. *State v. Stanislawski,* 62 Wis.2d 730, 216 N.W.2d 8 (1974). But in *State v. Dean,* 103 Wis.2d 228, 307 N.W.2d 628 (1981), the Wisconsin Supreme Court re-examined the nature of the polygraph test, overruled *Stanislawski,* and held that stipulated polygraph evidence is no longer admissible. The court reasoned that admission of stipulated polygraph evidence is theoretically unsound and a legal paradox because evidence not reliable enough for admission during trial becomes admissible by virtue of the stipulation. *Dean,* 103 Wis.2d at 266, 307 N.W.2d at 646–47. The court recognized that stipulated examinations are not necessarily more reliable than unstipulated examinations. *Id.* at 268, 307 N.W.2d at 648.

Other states have reached similar results. The Michigan Supreme Court, in *People v. Barbara,* 400 Mich. 352, 255 N.W.2d 171 (1977), held that stipulated polygraph results may not be used as evidence at trial, but may be used by a judge for the limited purpose of deciding whether to grant a motion for a new trial. The West Virginia Supreme Court of Appeals explicitly rejected admission of stipulated polygraph evidence, reasoning that stipulation does nothing to cure the unreliability of the test. *State v. Frazier,* 162 W.Va. 602, 252 S.E.2d 39 (1979); *accord Akonom v. State,* 40 Md.App. 676, 394 A.2d 1213 (1978); *People v. Monigan,* 72 Ill.App.3d 87, 28 Ill.Dec. 395, 390 N.E.2d 562 (1979).

Although some states have admitted stipulated polygraph evidence at trial, admission is subject to strict controls and is usually to be used only for limited purposes, such as impeachment or corroboration. In *State v. Marti,* 290 N.W.2d 570 (Iowa 1980), the Iowa Supreme Court stated that stipulated polygraph evidence was admissible at trial on the theory of contract and estoppel if agreed to by both parties and made a matter of record. The California Court of Appeals permitted stipulated polygraph evidence to be admitted to corroborate a party's testimony. *Robinson v. Wilson,* 44 Cal.App.3d 92, 118 Cal.Rptr. 569 (1974). The Arizona Supreme Court permitted admission of polygraph results pursuant to a written stipulation prior to trial and a limiting instruction to the jury at trial. *State v. Valdez,* 91 Ariz. 274, 371 P.2d 894 (1962).

Although a stipulation can be made to admit facts into evidence, an agreement of counsel as to a question of law cannot bind the trial court. *Tynan v. KSTP, Incorporated,* 247 Minn. 168, 176, 77 N.W.2d 200, 205 (1956). A stipulation as to evidence to be considered at trial is clearly permissible and is binding upon the trial and appellate courts. *See Abendroth v. National Farmers Union Property & Casualty Company,* 363 N.W.2d 785, 787 (Minn.Ct.App.1985). We have steadfastly adhered to the proposition that polygraph results are inadmissible at trial. This is quite different from stipulating to the admissibility of *Spreigl* or hearsay evidence which courts may admit absent objection by the parties. Minnesota courts may not admit polygraph evidence under any circumstances. We follow the Wisconsin Supreme Court's reasoning in *Dean,* and hold that a stipulated polygraph test, like any

other polygraph test, is not admissible into evidence at trial.

2. Having come to this conclusion, there is no need to address the two other significant issues appellant raises on appeal.

### DECISION

The trial court may not admit into evidence results of a polygraph test even though the parties stipulated to its admission.

Reversed and remanded for a new trial.