*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1144**

State of Minnesota,
Respondent,

vs.

Gregory Mark Bowles,
Appellant

**Filed May 31, 2016
Affirmed
Worke, Judge**

Stearns County District Court
File No. 73-CR-13-3289

Lori Swanson, Attorney General, Robert A. Plesha, Assistant Attorney General, St. Paul, Minnesota

Cathryn Middlebrook, Chief Appellate Public Defender, Julie Loftus Nelson, Assistant Public Defender, St. Paul, Minnesota

Considered and decided by Worke, Presiding Judge; Reilly, Judge; and Smith, Tracy, Judge.

## UNPUBLISHED OPINION

**WORKE**, Judge

Appellant challenges his third-degree assault conviction, arguing that the evidence was insufficient to show that he inflicted substantial bodily harm. We affirm.

**D E C I S I O N**

A jury found appellant Gregory Mark Bowles guilty of third- and fifth-degree assault and two counts of terroristic threats. Bowles challenges the sufficiency of the evidence to sustain his conviction of third-degree assault, arguing that the victim's injuries do not constitute substantial bodily harm.

When reviewing the sufficiency of the evidence, this court reviews "the record to determine whether the evidence, when viewed in a light most favorable to the conviction," is sufficient to allow the jury to reach the verdict that it did. *State v. Webb*, 440 N.W.2d 426, 430 (Minn. 1989). This court will not disturb the verdict if the jury, "acting with due regard for the presumption of innocence and for the necessity of overcoming it by proof beyond a reasonable doubt, could reasonably conclude that [the appellant] was proven guilty of the offense charged." *Bernhardt v. State*, 684 N.W.2d 465, 476–77 (Minn. 2004) (quotation omitted). This court assumes that "the jury believed the state's witnesses and disbelieved any evidence to the contrary." *State v. Moore*, 438 N.W.2d 101, 108 (Minn. 1989).

"Whoever assaults another and inflicts substantial bodily harm" is guilty of third-degree assault. Minn. Stat. § 609.223, subd. 1 (2012). Substantial bodily harm is "bodily injury which involves a temporary but substantial disfigurement, or which causes a temporary but substantial loss or impairment of the function of any bodily member or organ, or which causes a fracture of any bodily member." Minn. Stat. § 609.02, subd. 7a (2012).

Here, when Bowles was a patient in a hospital, A.O., a behavioral-health case manager, was called to calm him down. A.O. calmed Bowles, but he had a second outburst. During the second outburst, Bowles struck A.O. so hard that she flew backwards and hit her head. At Bowles's jury trial, A.O. testified that she suffered bruises and a concussion.

Bowles claims that A.O.'s concussion does not amount to substantial bodily harm because she "never lost consciousness." But while Bowles cites *State v. Larkin*, for the proposition that a temporary loss of consciousness amounts to substantial bodily harm, he cites no caselaw that states that a victim must lose consciousness in order to suffer substantial bodily harm. *See* 620 N.W.2d 335, 337 (Minn. App. 2001).

Bowles also discounts A.O.'s testimony that she suffered a concussion, claiming that an MRI and a CT scan showed no injuries. But, for purposes of our review, we assume that the jury believed A.O.'s testimony. *See Moore*, 438 N.W.2d at 108. Further, other evidence corroborated A.O.'s statement that she suffered a concussion.

A.O. testified that she had an MRI and her diagnosis was "closed head injury, which means injury to [her] brain." Dr. John Mertz testified that he treated A.O. for a "fairly large hematoma [over] her occipital area," meaning "blood in between the skin and the skull on the back of the head." While a CT of A.O.'s head did not show any acute injuries, Dr. Mertz explained that a concussion may not be observable on a CT. Dr. Mertz defined a concussion as "a head injury that you don't see any observable lesions on the CT from that injury, and so we think that the injuries are microscopic, that they're not large enough to see but they definitely have their effects." A.O. testified regarding the

3

"effects" of her concussion—a terrible headache and the inability to think, concentrate, or rest.

Bowles further claims that A.O.'s injuries were "only temporary." But under the statute, substantial bodily harm means "*temporary* but substantial disfigurement, or [injury] which causes a *temporary* but substantial loss or impairment of the function of any bodily member or organ." Minn. Stat. § 609.02, subd. 7a (emphasis added). There is no requirement that the injury result in permanent impairment. *See, e.g.*, *State v. Carlson*, 369 N.W.2d 326, 327–28 (Minn. App. 1985) (holding two black eyes, a bloody nose, bruises, and scratches constitute substantial bodily harm), *review denied* (Minn. July 26, 1985).

A.O. suffered substantial bodily harm; her injury temporarily, but substantially, impaired the function of her brain. *See State v. Ayala*, No. A13-2322, 2014 WL 7236931, at *3 (Minn. App. Dec. 22, 2014) (stating that substantial bodily harm established by evidence of head injury that caused bleeding, a laceration, and a hematoma, and that while concussions are difficult to diagnose "especially in the immediate aftermath of a head injury," recurring headaches could be consistent with a mild concussion), *review denied* (Minn. Mar. 17, 2015); *In re Welfare of W.O.*, No. A10-1535, 2011 WL 1237558, at *2 (Minn. App. Apr. 5, 2011) (stating that head wounds carry the extra risk of concussion that are not always immediately apparent), *review denied* (Minn. June 14, 2011).

**Affirmed.**

4