STATE of Minnesota, Respondent,

v.

O'Darius Marcus FIELDS, Appellant.

No. C8–87–1100.

Court of Appeals of Minnesota.

Oct. 13, 1987.

Review Granted Nov. 13, 1987.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas Foley, Ramsey Co. Atty., Melinda S. Elledge, Asst. Ramsey Co. Atty., St. Paul, for respondent.

C. Paul Jones, Public Defender, Melissa Sheridan, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by PARKER, P.J., and WOZNIAK and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

NIERENGARTEN, Judge.

This is an appeal from an order revoking probation, vacating a stay of execution of sentence, and sentencing appellant O'Darius Fields to forty-two months imprisonment. Fields contends the sentencing court erred by imposing a sentence which was double the presumptive sentence under the sentencing guidelines and that the re-

voking court erred by failing to modify the sentence. We affirm.

## FACTS

O'Darius Fields was charged with aggravated forgery and uttering a forged instrument. He pleaded guilty to one count on September 9, 1983. Sentencing was continued because Fields was participating in a treatment program.

Fields was found guilty of uttering a forged instrument and sentenced in March 1984. The court noted Fields' prior criminal record and stated that it did not believe Fields should receive the twenty-one month sentence recommended by the sentencing guidelines because it did not believe the presumptive sentence would affect Fields' behavior. However, the trial court indicated it was inclined to place Fields on probation and that it believed a forty-two month stayed sentence was an appropriate departure because the longer sentence would "render probation more effective."

Neither Fields nor his attorney objected to the court's proposed forty-two month stayed sentence, and Fields indicated his approval of the sentence and probation and his understanding that the enhanced sentence was intended as a "deterrent." The sentencing court noted that it believed the public would be better served by allowing Fields to continue his treatment rather than by committing him to prison, but concluded:

> However, as the court previously noted the defendant's previous criminal history is so bad that the court is of the opinion that a 21 months stayed sentence is not a sufficient deterrent for the court to use in inducing Mr. Fields to abide by the conditions of probation.

Accordingly, the court sentenced Fields to forty-two months, but stayed execution of the sentence for five years. Fields was placed on probation. However, Fields subsequently was convicted for cocaine possession and a probation officer recommended that the court vacate the stay of execution of sentence.

The district court vacated the stay of execution of Fields' sentence. Fields admitted he was convicted for possession of cocaine and that the conviction was a violation of his probation conditions. He also agreed that the sentence could be executed, but asserted that the double departure from the guidelines sentence was improper because there were no "substantial and compelling circumstances" justifying a durational departure in his case. He also argued that the probation incentive considerations of the sentencing court were insufficient grounds for departing from the presumptive guidelines sentence.

The court which revoked probation and vacated the stay of execution of sentence indicated that it believed the sentencing court gave justifiable reasons for imposing and staying the forty-two month sentence, found that Fields violated the conditions of the stay of the sentence, and consequently ordered Fields to serve the forty-two month sentence.

Fields appeals.

## ISSUES

1. Did the sentencing court abuse its discretion by departing from the guidelines sentence and imposing a forty-two month sentence?

2. Did the probation revocation court err by declining to modify the sentencing court's forty-two month sentence?

## ANALYSIS

### 1. Durational Departure

This court has statutory authority to review criminal sentences.

> An appeal to the court of appeals may be taken by the defendant or the state from any sentence imposed or stayed by the district court according to the rules of criminal procedure * * *.

Minn.Stat. § 244.11 (1986). *See* Minn.R. Crim.P. 28.05, subd. 2. "A defendant may appeal as of right from any sentence imposed or stayed in a felony case." Minn.R. Crim.P. 28.02, subd. 2(3). However, the rules state that a notice of appeal must be filed "within 90 days after judgment and

sentencing." Minn.R.Crim.P. 28.05, subd. 1(1).

 Since the record contains no evidence that Fields filed a notice of appeal within the prescribed ninety-day period or otherwise complied with the applicable procedures for appealing sentences, this court lacks jurisdiction to consider this issue on direct appeal. *See State v. Montjoy,* 354 N.W.2d 567, 568 (Minn.Ct.App.1984), *pet. for acc. rev. denied* (Minn. Sept. 12, 1984); Minn.R.Crim.P. 28.01, subd. 3 and 28.02, subd. 4(3).

### 2. Probation Revocation

 Fields contends the revoking court erred by failing to modify the forty-two month sentence. He should have followed the proper statutory procedures provided for such a challenge. *See* Minn.Stat. § 590.01, subds. 1, 2 (1986). Postconviction courts should consider challenges of sentences and should not refuse to correct improper sentences. *See Jackson v. State,* 329 N.W.2d 66, 67 (Minn. 1983). However, the revoking court was convened solely for the purposes of determining whether Fields violated probation and whether the stay of execution of the sentence should be revoked. The record supports the court's decision to revoke probation and vacate the stay of execution of the sentence.

The revoking court did not err by declining to modify Fields' sentence because, under the circumstances, the court was not conducting a postconviction proceeding within the meaning of Minn.Stat. §§ 590.-01–.06. There was no petition for postconviction relief as required by sections 590.01, subdivision 1 and 590.02, and the record does not indicate circumstances which rendered postconviction proceedings "inadequate or ineffective to test the legality of the * * * sentence." *See id.* § 590.01, subd. 2. Fields could have filed a direct appeal under Minn.Stat. § 244.11 and Minn. R.Crim.P. 28.02 and 28.05, or he could have filed a petition for postconviction relief under Minn.Stat. chapter 590. He did neither.

### DECISION

The appellant may not challenge the propriety of the sentencing court's sentence on direct appeal because the period for taking a direct appeal has expired. The court did not err by revoking probation and vacating the stay of execution of sentence. Under the circumstances, the revoking court did not err by declining to modify the sentence because that issue was not properly before it.

Affirmed.