**STATE of Minnesota, Respondent,**

v.

**Terry A. HOCKENSMITH, Appellant.**

**No. C8–87–769.**

Court of Appeals of Minnesota.

Oct. 13, 1987.

Review Granted Dec. 18, 1987.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, Hennepin Co. Atty., Paul R. Jennings, Asst. Co. Atty., Minneapolis, for respondent.

C. Paul Jones, Public Defender, Cathryn Young Middlebrook, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by LANSING, P.J., and RANDALL and CRIPPEN, JJ., with oral argument waived.

## OPINION

CRIPPEN, Judge.

This is an appeal from an order in revocation proceedings for execution of sentences previously imposed. The questions presented are (1) whether the revocation court erred in refusing to modify the original imposition of consecutive sentences to run concurrently and (2) whether appellant's consecutive sentence for his second conviction should be reduced from 32 months to 24 months.

Affirmed in part and reversed in part.

## FACTS

On June 29, 1983, appellant Terry A. Hockensmith committed two separate acts of criminal sexual conduct on two women in Crystal, Minnesota. In September 1983, appellant pleaded guilty to two counts of criminal sexual conduct in the second degree. Following appellant's plea, he was sentenced to consecutive terms of imprisonment of 24 months and 32 months. The sentencing court stayed execution of the sentence and placed appellant on probation. As a condition to his probation, appellant entered and successfully completed the residential and nonresidential phase of the Alpha House program, graduating on December 16, 1985.

On September 22, 1986, an arrest and detention order was filed because appellant could not be located by his probation officer. Appellant was later arrested in Kansas, where he and his family had moved. His unannounced departure from the state was linked to his belief that his chronic drinking problem might violate probation conditions.

After appellant returned to Minnesota, a probation revocation hearing was held on January 22, 1987. Because the original sentencing judge had retired, another judge presided. At this hearing, appellant admitted to the violations of his probation as alleged in the arrest and detention order—that he failed to inform his probation officer of his change of employment and residence, and that his whereabouts were unknown. No legal challenge to the length of the original consecutive sentence was raised, although appellant himself argued for new, concurrent sentencing.

At the revocation hearing, the court revoked appellant's stay of execution and probation and imposed the original consecutive 24 month and 32 month terms. Appellant received jail credit of 173 days for the time spent in the Hennepin County Workhouse. Hockensmith appeals from the revocation order.

## ISSUES

1. Did the revocation court err by ordering the sentence executed as originally imposed rather than modifying the consecutive sentence to run concurrently?

2. Did the original sentencing court erroneously compute the sentence duration for appellant's consecutive sentence by failing to determine the sentence at the zero criminal history level?

## ANALYSIS

### I.

█ The trial court may revoke a stayed sentence for violation of probation conditions. Minn.Stat. § 609.14, subds. 1 and 3 (1986). Appellant does not dispute that the trial court made a lawful decision to require an executed sentence. The only authority of the revocation court, if it decides that the defendant will be incarcerated, is to "order execution of the sentence previously imposed." Minn.R.Crim.P. 27.04, subd. 3(3)(b); Minn.Stat. § 609.14, subd. 3(2) [1].

Appellant admits that he violated probation conditions, that he failed to inform his probation officer of his change of employment and residence, and that his whereabouts were unknown. He argues, however, that the revocation court should have altered his original sentence to make it run concurrently. He contends that this relief would be appropriate because he completed resident and nonresident probation, had no probation violations for nearly three years, and because, in his opinion, the current violation is of a technical kind. *See* A.B.A. Standards for Criminal Justice and Commentary, Probation § 5.1 (Approved Draft 1970) ("The public is not served by precipitate and automatic imprisonment following what under the circumstances might be * * a technical violation * * *."); (quoted in *State v. Austin*, 295 N.W.2d 246, 253 (Minn.1980) (Otis, J., dissenting)); *see also Austin* at 250–51.

We need not address the equitable arguments appellant raises because the law does not permit that change regardless of the equities. The revocation court properly ordered the execution of the sentence previously imposed. *See* Minn.R.Crim.P. 27.-04, subd. 3. Once this decision was made, the court had no authority to decide whether the original sentence should run consecutively. Under our statute and rule, the court election is between executing or further suspending execution of the sentence.

### II.

█ Appellant requests that the sentence for the second conviction of criminal sexual conduct in the second degree be reduced from 32 months to 24 months. He contends that if consecutive terms are imposed, the duration of the second consecutive term must be reduced from 32 months to 24 months in order to conform to the Minnesota sentencing guidelines and applicable case law.

In sentencing appellant for the two counts of criminal sexual conduct in the second degree, the trial court originally imposed a sentence of 24 months for Count I and 32 months for Count III, to be served consecutively. When the court imposes a consecutive sentence, the duration of that sentence is determined by taking the grid score for the appropriate severity level at the zero criminal history level. Minnesota Sentencing Guidelines II.F. The guidelines state:

> For persons given consecutive sentences, the sentence durations for each separate offense sentenced consecutively shall be aggregated into a single presumptive sentence. The presumptive duration for offenses sentenced consecutively is determined by locating the Sentencing Guidelines Grid cell defined by the most severe offense and the offender's criminal history score and by adding to the duration shown therein the duration indicated for every other offense sentenced

---

1. As indicated later in this opinion, an unauthorized sentence can always be corrected. Minn. R.Civ.P. 27.03, subd. 9. To present this issue to the revocation court, however, the defendant

would have had to initiate postconviction proceedings under Minn.Stat. § 590.01–.06 (1986). *State v. Fields*, 413 N.W.2d 275, 277 (Minn.Ct. App.1987).

consecutively at their respective levels of severity *but at the zero criminal history column on the Grid. The purpose of this procedure is to count an individual's criminal history score only one time in the computation of consecutive sentence durations.*

Minnesota Sentencing Guidelines II.F. (emphasis added).

Criminal sexual conduct in the second degree is a severity level VII offense. *See* Minn.Stat. § 609.343, subd. 1(c) (1986); Minnesota Sentencing Guidelines V. With appellant's criminal history score of zero, the presumptive guidelines term is 24 months. Appellant's second conviction, Count III, also criminal sexual conduct in the second degree, had to be treated similarly, in that the grid cell provides a presumptive sentence of 24 months taken at a zero criminal history level.

The appellant's consecutive sentence of 32 months for Count III was arrived at through an improper enhancement of his criminal history score to one, by use of his sentence in Count I by the trial court. This enhancement may only be used when sentencing concurrently, and may not be used when sentencing consecutively. Minnesota Sentencing Guidelines II.F.; II.F.02 comment; *State v. Moore,* 340 N.W.2d 671, 673 n. 2 (Minn.1983). The consecutive sentence of 32 months should be reduced to 24 months in order to conform with section II.F. of the sentencing guidelines.

A sentence not authorized by law may be corrected at any time. Minn.R.Crim.P. 27.-03, subd. 9. Pursuant to Minnesota Rule of Criminal Procedure 27.03, subd. 9, and in the interests of justice, we elect to correct the error. *See* Minn.R.Crim.P. 28.02, subd. 11. We have considered, but find improper a remand in the circumstances here, where the record does not support a durational departure and the state did not request a departure at the original sentencing or here. *See State v. Yanez,* 381 N.W.2d 470, 472 (Minn.Ct.App.1986).

### DECISION

The revocation court did not err in ordering the sentence executed as originally im-

posed. The trial court erroneously computed the sentence duration for appellant's consecutive sentence, and we correct the error.

Affirmed in part and reversed in part.