**STATE of Minnesota, Respondent,**

v.

**Terry A. HOCKENSMITH,
Petitioner, Appellant.**

No. C8–87–769.

Supreme Court of Minnesota.

Jan. 15, 1988.

Paul R. Jennings, Asst. Co. Atty., Minneapolis, for respondent.

Catheryn Y. Middlebrook, Asst. State Public Defender, Minneapolis, for appellant.

## OPINION

AMDAHL, Chief Justice.

This is a sentencing appeal in which we address the issue of whether the trial court could have reduced the defendant's sentence at the probation revocation hearing. We granted the defendant's petition for review not for the purpose of modifying defendant's sentence but in order to prevent any problems that might otherwise be created by the court of appeals' analysis of the issue.

Defendant sexually assaulted two women in separate incidents on the same night in June of 1983. He entered straight guilty pleas to two charges of criminal sexual conduct in the second degree, one per victim. The offense is a severity level VII offense. Defendant's criminal history score at the time of sentencing was zero. If sentencing to concurrent terms, the trial court appropriately could have sentenced defendant to 24 (23–25) months for the first offense and—using the *Hernandez* method of computing his criminal history score for the second offense—to 32 (30–34) months for the second offense. The sentencing judge, without departing, properly used consecutive sentencing. However, he im-

properly used the *Hernandez* method in determining the length of the second sentence. *See State v. Moore,* 340 N.W.2d 671 (Minn.1983). This resulted in consecutive sentences of 24 and 32 months, or a total of 56 months, rather than two consecutive terms of 24 (23–25) months or a total of 48 months. He departed dispositionally by staying execution of the sentence and placing defendant on probation for 5 years, with probation conditioned on defendant's serving a year in jail (with a possible furlough to Alpha House during the year).

Defendant violated probation in 1986 by moving to Kansas without permission. A revocation hearing was held in early January of 1987 before a different judge, to whom the case was assigned after the retirement of the sentencing judge. Defendant admitted violating probation and asked the court to consider reducing the length of his sentence. His attorney urged the court to consider making the sentences run concurrently rather than consecutively. No mention was made on the record of the improper use of the *Hernandez* method. The judge did not say that he felt that he had no authority or discretion to modify the sentence. Rather, he seemed to say that he felt he had the discretion to modify the sentence but that he was not going to exercise that discretion.

Defendant appealed to the court of appeals, arguing (1) that it was an abuse of discretion for the court to revoke the probation and execute the original sentences rather than make them run concurrently because (a) the sentencing judge imposed consecutive terms in order to give defendant an incentive to participate successfully in treatment (something which is not a matter of record), (b) because defendant participated successfully in treatment at Alpha House, and (c) because the violation was a technical violation for leaving the state without permission, and (2) that if the court of appeals refused to reverse the trial court and make the sentences run concurrently, it at least should reduce the length of the second sentence from 32 to 24 months because one cannot use the *Hernandez* method when sentencing consecutively.

The state in response (1) argued that it was not an abuse of discretion to revoke the probation and execute the original sentences rather than make them run concurrently and (2) said that it agreed with defendant that the second sentence should be reduced to 24 months but that defendant should be required to file a postconviction petition in order to obtain the reduction since defendant never raised the issue in the trial court.

In his reply brief defendant stated with respect to the second issue that Minn. R.Crim.P. 27.03, subd. 9, allowed correction of an unauthorized sentence at any time. Defendant urged the court of appeals to correct the sentence in the interests of justice rather than require him to file a postconviction petition.

The court of appeals should have ruled (1) that the trial court did not abuse its discretion in revoking probation and in refusing to make the sentences run concurrently, and (2) that the state conceded that the second sentence should be reduced to 24 months and therefore it made no sense to punish defendant for not raising the issue in the trial court first by making him go back to district court and seek relief.

Instead, the court of appeals ruled (1) that the trial court had no discretion to modify the original sentences so that they would run concurrently rather than consecutively and (2) that in order to correct the erroneous part of the sentence, defendant should have filed a postconviction petition, *State v. Fields*, 413 N.W.2d 275 (Minn.App. 1987), but that in the interests of justice it would correct the error since an unauthorized sentence may be corrected at any time, Minn.R.Crim.P. 27.03, subd. 9. *State v. Hockensmith*, 413 N.W.2d 277 (Minn. App.1987).

We recently reversed the court of appeals' decision in *Fields*, the case cited by the court of appeals for the proposition that in order to get a revocation court to change a sentence that is unauthorized, the defendant must file a postconviction petition. In *Fields* the defendant tried to challenge the validity of a durational departure by moving for a modification of the sentence at the hearing on the revocation of a stay of execution of sentence and then appealing from the denial of the motion. On further review, we held that under Minn.R. Crim.P. 27.03, subd. 9, the defendant could challenge the departure at the revocation hearing and then appeal the denial and that it was error for the court of appeals to refuse to decide the validity of the departure and to instead require the defendant to petition for postconviction relief. *State v. Fields*, 401 N.W.2d 425, 427 (Minn. 1987).

Since the court of appeals in this case in fact corrected the legal error in the sentence, its verbal adherence to its earlier decision in *Fields* with respect to this issue was without practical effect on defendant Hockensmith.

There remains, however, the issue of the correctness of the court of appeals' statement in this case that the trial court had no discretion to modify the original sentences so that they would run concurrently rather than consecutively. In support of this statement, the court of appeals cited Minn.Stat. § 609.14, subd. 3(2) (1986), which provides that if grounds for revocation of a stay of execution exist the trial court may "continue such stay and place the defendant on probation or order noninstitutional sanctions in accordance with the provisions of section 609.135, or order execution of the sentence previously imposed." This language also appears in Minn.R.Crim.P. 27.04, subd. 3(3)(b). The court of appeals interpreted this as meaning that even if the trial court had wanted on equitable grounds to change defendant's sentence from consecutive sentences to concurrent it could not have done so.

Before the rules were adopted it was clear that no authority existed for a court to reduce a sentence at the time of the vacation of a stay of execution of sentence. *State ex rel. Lillemoe v. Tahash*, 280 Minn. 176, 181, 159 N.W.2d 99, 101–02 (1968). An illegal sentence could be corrected at any time but a lawful sentence could be modified in the trial court's discretion only during the duration of the term of court. In drafting our rules, the drafters looked at F.R.Crim.P. 35, which allowed for correction of an illegal sentence at any time and allowed for a discretionary reduction of a

lawful sentence within 120 days after the sentence was imposed or upon revocation of probation. Our R. 27.03, subd. 9, is similar to but not identical to F.R.Crim.P. 35. Our rule provides, as the federal rule does, that the court may correct an illegal sentence at any time. Unlike the federal rule, our rule does not give the court discretion to modify—that is, reduce—a sentence after the defendant has begun serving it; but, like the federal rule, it gives the court discretion to modify a sentence of imprisonment that the defendant has not yet begun to serve—that is "during either a stay of imposition or stay of execution of sentence." We believe that under our rule the trial court had discretion to reduce defendant's sentence before or simultaneous with revoking the stay of execution.

Although the court of appeals therefore erred in stating that the trial court did not have discretion to change the sentences from consecutive to concurrent, the error did not hurt defendant in any way. The trial court's refusal to exercise its discretion in defendant's favor was simply a discretionary sentencing decision of the sort that the court of appeals presumably would not have and should not have interfered with in any event.

Affirmed as modified.