William R. Kennedy, Hennepin County Public Defender, Warren Sagstuen, Asst. Public Defender, Minneapolis, for respondent.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, Hennepin County Atty., Lee W. Barry, Sr. Atty., Appellate Section, Minneapolis, for appellant.

Heard, considered and decided by SHORT, P.J., and RANDALL and STONE,[*] JJ.

**Linda L. REESMAN,**
**Petitioner, Respondent,**

v.

**STATE of Minnesota, Appellant.**

**No. C1-89-1492.**

Court of Appeals of Minnesota.

Dec. 26, 1989.

## OPINION

SHORT, Judge.

The state appeals the trial court's order granting a petition for postconviction relief. We reverse.

## FACTS

On July 5, 1988, Linda Leeann Reesman was charged with unlawful possession of cocaine and possession with intent to sell cocaine. As part of a plea agreement, Reesman pleaded guilty to the possession charge and the state dismissed the intent to sell charge. On September 28, Reesman was sentenced to an executed term of 22 months, and her probation was revoked on a prior charge of wrongfully obtaining public assistance. She was then sentenced to an additional 13 month sentence to run concurrently with the other sentence.

Almost one year after Reesman began serving her sentence, she filed a petition for postconviction relief requesting that the 22 month sentence be reduced to the 13 month sentence. The request was based

[*] Acting as judge of the Court of Appeals by appointment pursuant to Minn.Const. art. 6, § 2.

on (a) her completion of a chemical dependency program and a vocational education program, (b) her good behavior in prison, (c) the fact that her co-defendant was sentenced to only two year's probation with no workhouse time, and (d) overcrowding in the women's prison. The trial court granted the motion for postconviction relief and ordered the Commissioner of Corrections to release Reesman.

## ISSUE

Did the trial court err in granting postconviction relief?

## ANALYSIS

A person convicted of a crime may petition the court for postconviction relief where the person:

> claims that the conviction obtained or the sentence or other disposition made violated the person's rights under the Constitution or laws of the United States or of this state * * *.

Minn.Stat. § 590.01, subd. 1 (1988). Unless the petition and attendant files reveal the claim to be so wanting as to conclusively show that no relief is entitled, the trial court must:

> promptly set an early hearing on the petition and response thereto, and promptly determine the issues, make findings of fact and conclusions of law with respect thereto, and either deny the petition or enter an order granting appropriate relief.

Minn.Stat. § 590.04, subd. 1 (1988). The burden is on the petitioner at a postconviction proceeding to prove by a preponderance of the evidence the facts warranting the relief sought. *See Doughman v. State,* 351 N.W.2d 671, 674 (Minn.Ct.App. 1984); Minn.Stat. § 590.04, subd. 3 (1988). On appeal, the scope of review is limited to ascertaining whether there is sufficient evidence in the record to support the findings of the postconviction court. *Kochevar v. State,* 281 N.W.2d 680, 687 (Minn.1979).

In the instant case, the trial court failed to hold a hearing on Reesman's petition and failed to make findings of fact and conclusions of law as required by Minn.

Stat. § 590.04, subd. 1. Under other circumstances, we would remand this case to the trial court for a hearing consistent with the postconviction statute. However, Reesman concedes her petition for postconviction relief alleges no constitutional or statutory violation. Further she admits that caselaw does not support the trial court's decision to modify a sentence after service of that sentence has begun. *See State v. Hockensmith,* 417 N.W.2d 630, 633 (Minn.1988); Minn.R.Crim.P. 27.03, subd. 9.

Reesman argues the trial court had inherent judicial power to modify an executed sentence. We disagree. "Inherent judicial power governs that which is essential to the existence, dignity, and function of a court because it is a court." *In re Clerk of Lyon County Courts' Compensation,* 308 Minn. 172, 176, 241 N.W.2d 781, 784 (1976).

We think the modification of an executed sentence without express statutory authorization is a legislative rather than judicial function. The court's power to sentence comes exclusively from statutes. *State v. Osterloh,* 275 N.W.2d 578, 580–81 (Minn. 1978); Minn.Stat. § 609.10 (1988). The power to modify sentences thus also comes from statutes and rules of procedure. The trial court's discretion to sentence is built into the statutes authorizing sentencing. That discretion vanishes once the sentence is executed. *Cf. State ex rel. Lillemoe v. Tahash,* 280 Minn. 176, 180, 159 N.W.2d 99, 102 (1968). A court which modifies a sentence for reasons other than those permitted by statute is not performing a judicial function. Such a modification is in derogation of the statutes on sentencing, and is therefore legislative in nature. Thus, a trial court has no inherent judicial power to modify an executed sentence.

As *Hockensmith* and Minn.R.Crim.P. 27.03, subd. 9 indicate, a trial court has the power to correct an unauthorized sentence at any time, and has the discretion to modify an unexecuted sentence before or simultaneous to revocation of a stay of execution. *Hockensmith,* 417 N.W.2d at 632–33. The power to correct an unauthorized sentence or modify a sentence before its exe-

cution, however, is an operation of the rules of criminal procedure, not inherent judicial power. Since inherent judicial power only applies where the function is judicial, the trial court's modification of Reesman's executed sentence cannot be sustained.

### DECISION

Respondent has alleged no constitutional or statutory violation in her petition for postconviction relief. Under these circumstances, the trial court is without authority to modify a legally imposed sentence nine months after its execution.

Reversed.