**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A14-0750**

State of Minnesota,
Respondent,

vs.

Martin David Hutchins, Jr.,
Appellant

**Filed October 20, 2014**
**Affirmed**
**Worke, Judge**

Hennepin County District Court
File No. 27-CR-10-16332

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Sarah J. Vokes, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Davi E. Axelson, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Rodenberg, Presiding Judge; Worke, Judge; and Schellhas, Judge.

## S Y L L A B U S

When a defendant's sentence is based on multiple related convictions, a district court does not err when modifying the length of an unchallenged sentence on remand following a successful appeal, because the sentencing package doctrine applies.

# OPINION

**WORKE**, Judge

Appellant challenges his resentencing on remand from this court, arguing that the district court impermissibly modified a sentence never directly challenged on appeal. We affirm.

## FACTS

In October 2010, a jury found appellant Martin David Hutchins, Jr. guilty of one count of third-degree criminal sexual conduct and one count of first-degree burglary. The charges arose from a single behavioral incident in 2005 in which Hutchins broke into a dwelling and engaged in nonconsensual sexual acts with a sleeping minor. *See State v. Hutchins*, No. A11-0801, 2012 WL 987283 (Minn. App. Mar. 26, 2012) (recounting facts), *review denied* (Minn. June 19, 2012). The district court sentenced Hutchins to 130 months in prison for the criminal-sexual-conduct conviction and a concurrent 105 months for the burglary conviction. The 130-month sentence was an upward departure from the presumptive guidelines sentence.

Hutchins appealed his convictions and sentence. This court affirmed the convictions but reversed and remanded for resentencing because the grounds for the upward departure were invalid. We instructed the district court to impose the presumptive sentence, permissive consecutive sentences, or empanel a resentencing jury.

On remand, the district court imposed a 146-month sentence, leaving the 105-month sentence for the burglary conviction undisturbed but reducing the sentence on the criminal-sexual-conduct conviction to 41 months. This reduction represented the shortest

sentence available within the sentencing guidelines. The sentences were to run consecutively.

Hutchins appealed. On December 31, 2013, this court, in an order opinion, reversed and remanded for resentencing with instructions to impose the presumptive sentence or permissive consecutive sentences, the total sentence not to exceed 130 months. *State v. Hutchins*, No. A13-1184 (Minn. App. Dec. 31, 2013).

On January 31, 2014, the district court sentenced Hutchins a third time. The district court reduced Hutchins's sentence for the burglary conviction to 89 months and left the 41-month criminal-sexual-conduct sentence undisturbed. The length of Hutchins's sentence totaled 130 months, the same duration as his original sentence.

This appeal follows.

## ISSUE

Did the district court impermissibly reduce the sentence for a conviction never directly challenged on appeal in order to achieve a desired sentencing result on remand?

## ANALYSIS

Hutchins argues that his burglary sentence was immune to adjustment on remand because he appealed only the sentence resulting from his criminal-sexual-conduct conviction and not the sentence resulting from his burglary conviction.

A "court's power to sentence comes exclusively from statutes." *Reesman v. State*, 449 N.W.2d 489, 490 (Minn. App. 1989). Accordingly, the power to modify sentences comes from statutes and rules of procedure. *Id.* While sentencing statutes grant district courts broad discretion when imposing sentences, "[t]hat discretion vanishes once the sentence is executed." *Id.* Statutory interpretation is a question of law, reviewed de

3

novo. *State v. Engle*, 743 N.W.2d 592, 593 (Minn. 2008); *see State v. Campbell*, 814 N.W.2d 1, 4 (Minn. 2012) (stating that interpretation of the sentencing guidelines is reviewed de novo).

Hutchins contends that the district court lacked authority to modify his burglary sentence because: (1) the sentence was lawfully imposed; (2) he has already begun serving the sentence; and (3) although he challenged his criminal-sexual-conduct sentence, he did not challenge his burglary sentence. Hutchins cites *Reesman v. State* for the proposition that "[the district] court has no inherent power to modify a legally imposed sentence after its execution." 449 N.W.2d at 489. He further cites *State v. Hockensmith* for the proposition that the Minnesota rules "do[] not give the district court discretion to modify—that is, reduce—a sentence after the defendant has begun serving it." 417 N.W.2d 630, 633 (Minn. 1988) (discussing Minn. R. Crim. P. 27.03, subd. 9). But *Reesman* and *Hockensmith* are inapposite here, because neither case addresses the district court's authority following a remand by an appellate court.

In *Reesman*, the defendant petitioned for postconviction relief nearly a year after she had begun serving her sentence, requesting a reduced sentence based upon good behavior, completion of prison programs, a comparison to the sentence of a co-defendant, and prison overcrowding. 449 N.W.2d at 489-90. While conceding the absence of any violation of law which would have provided statutory grounds to modify her sentence, the defendant argued that the district court possessed inherent judicial power to do so. *Id.* at 490. This court disagreed, stating that authority to impose a sentence (and to modify a

sentence) is sourced in statute or court rule, and neither was present to justify reduction of the defendant's sentence. *Id.* at 490-91.

*Hockensmith* examines the authority of a district court to modify a previously stayed sentence at a probation-revocation hearing. 417 N.W.2d at 630. *Hockensmith* involves application of Minn. R. Crim. P. 27.03, subd. 9, the relevant portion providing the district court "discretion to modify a sentence of imprisonment that the defendant has not yet begun to serve" because it is during a stay of imposition or execution of a sentence. *Id.* at 633. *Hockensmith* holds that a district court has authority to modify a sentence at the time of a vacation of a stay of execution. *Id.* Like *Reesman*, it does not address the sentencing authority of a district court on remand following appeal, responding to a directive of a higher court.

Though *Reesman* and *Hockensmith* are inapposite in this context, the modification of a sentence must still be based on statutory authority. In this regard, the differing procedural posture of this case is important, because a remand from a higher court implicates additional statutory authority not present when a district court acts in isolation.

> On an appeal . . . the court may review the sentence imposed or stayed to determine whether the sentence is inconsistent with statutory requirements, unreasonable, inappropriate, excessive, unjustifiably disparate, or not warranted by the findings of fact issued by the district court. This review shall be in addition to all other powers of review presently existing. The court may dismiss or affirm the appeal, vacate or set aside the sentence imposed or stayed and direct entry of an appropriate sentence or order further proceedings to be had as the court may direct.

Minn. Stat. § 244.11, subd. 2(b) (2004).

This is a broad grant of authority, and our supreme court has previously declined to read limitations into this language. *Vickla v. State*, 793 N.W.2d 265, 270 (Minn. 2011) ("The language . . . does not exclude review of sentences imposed under the repeat-felony-offender statute, and we decline to read such a limitation into the statute.").

In light of this statutory authority, the success of Hutchins's argument turns on the interpretation of the words "the sentence." If "the sentence" is read narrowly to mean only the sentence resulting from the precise conviction challenged on appeal, then Hutchins may be correct that the district court would lack authority to modify the sentence resulting from his burglary conviction. If, however, "the sentence" is read more broadly, it refers to the overall sentence that resulted from Hutchins's multiple convictions. This question of interpretation has not been squarely addressed by Minnesota courts.

The broader interpretation of "the sentence" is referred to as the "sentencing package" concept. *Gardiner v. United States*, 114 F.3d 734, 736 (8th Cir. 1997) (citing *United States v. Smith*, 103 F.3d 531, 534 (7th Cir. 1996)).

> A sentencing package is the bottom line, the total number of years (or . . . months) which effectuates a sentencing plan. The image of the package reflects the likelihood that in sentencing a defendant who is convicted of more than one count of a multicount indictment, the district [court] imposes an overall punishment which takes into account the nature of the crime, certain characteristics of the criminal, and the interdependence of the individual counts.
>
> As will happen with any type of package, a sentencing package may become "unbundled." When a sentencing package is unbundled, such as when part of a sentence is vacated, . . . in order to effectuate its original sentencing

6

> intent, the district court may "rebundle" the package by resentencing the defendant.

*United States v. Binford*, 108 F.3d 723, 728 (7th Cir. 1997) (citations and some quotations omitted).

In addition to the Seventh and Eighth Circuits, many other federal circuits have adopted the sentencing package doctrine in the context of a direct appeal or collateral attack upon a sentence.[1] These cases are based upon federal statutes that provide remedies for incorrect sentences which are materially similar in many ways to Minnesota's section 244.11, subdivision 2(b). *Compare* 28 U.S.C. § 2106 (2014), *and* 28 U.S.C. § 2255 (2014), *with* Minn. Stat. § 244.11, subd. 2(b) (2004). Whether in the context of an appeal or a collateral attack, the sentencing package doctrine reflects the principle that when a defendant "attacks a portion of a judgment, he is reopening the entire judgment and cannot selectively craft the manner in which the court corrects that judgment." *Gardiner*, 114 F.3d at 736.

While the cited federal cases reason persuasively, review of past Minnesota cases demonstrates that we have already impliedly adhered to the sentencing package doctrine. For example, in *State v. Nunn*, a defendant was sentenced and then resentenced on multiple related convictions. 411 N.W.2d 214, 215-16 (Minn. App. 1987). This court vacated an aggravated-robbery sentence and remanded for resentencing. *Id.* On remand,

---

[1] *See, e.g.*, *United States v. Mixon*, 115 F.3d 900, 901-03 (11th Cir. 1997) (collateral attack); *United States v. Harrison*, 113 F.3d 135, 137 (8th Cir. 1997) (collateral attack); *United States v. Hillary*, 106 F.3d 1170, 1171-73 (4th Cir. 1997) (collateral attack); *United States v. Behler*, 100 F.3d 632, 640 (8th Cir. 1996) (direct appeal); *United States v. Clements*, 86 F.3d 599, 601 (6th Cir. 1996) (direct appeal); *see also United States v. Jackson*, 103 F.3d 561, 569 (7th Cir. 1996) (collecting cases involving direct appeals).

the district court modified a sentence that had been concurrent and resentenced the defendant to a consecutive sentence of identical duration. *Id.* at 216. The defendant argued that the district court lacked authority to modify the sentence. *Id.* This court stated:

> [T]he [district] court was free to resentence on the assault convictions so long as the newly imposed sentences were authorized by law and did not exceed the original . . . sentence. If this court intended to limit the [district] court to vacating the aggravated robbery sentence, there would have been no need to remand for resentencing.

*Id.* (citations omitted).

*Nunn* did not cite statutory authority for its holding (Minn. Stat. § 244.11, subd. 2(b), was in effect at the time), but reasoned that this court's "specific directive" vested the district court with authority to resentence the defendant on remand. *Id.* Today we reinforce the holding of *Nunn* while maintaining fidelity to *Reesman*, which concluded that authority to sentence must be based in statute or court rule. 449 N.W.2d at 490.

Similarly, in the context of a plea agreement involving many charges, we explicitly agreed with the state's argument that "the sentences at issue were part of a 'package' and that a modification by this court [would allow the defendant] to retain all the benefits of the plea bargain but to escape a portion of the consequences he agreed to." *State v. Misquadace*, 629 N.W.2d 487, 491 (Minn. App. 2001), *aff'd on other grounds*, 644 N.W.2d 65 (Minn. 2002); *see also State v. Lewis*, 656 N.W.2d 535, 539 (Minn. 2003) (stating that following defendant's successful appeal of his sentence "the district court should be free to consider the effect that changes in the sentence have on the entire plea agreement"); *State v. Montermini*, 819 N.W.2d 447, 455 (Minn. App. 2012) (rejecting the

8

defendant's argument that the district court erred by vacating guilty pleas that were not challenged on appeal following a successful challenge to one of the defendant's convictions).

Here, the district court did not simply modify an executed sentence, but responded to this court's directive following Hutchins's second appeal. "A [district] court's duty on remand is to execute the mandate of the remanding court strictly according to its terms." *Duffey v. Duffey*, 432 N.W.2d 473, 476 (Minn. App. 1988). If the district court receives no specific instructions as to how it must fulfill the remanding court's order, the district court has discretion to proceed in any manner consistent with the remand order. *Id.*

We directed the district court to resentence Hutchins "to the presumptive sentence or permissive consecutive sentences, with the instruction that appellant's sentence shall not exceed 130 months." *State v. Hutchins*, No. A13-1184 (Minn. App. Dec. 31, 2013). The sentence imposed was consistent with that directive. Minn. Stat. § 244.11, subd. 2(b) vested the district court with statutory authority to modify Hutchins's sentence as a delegation of authority from this court. The proper interpretation of "the sentence" in section 244.11, subdivision 2(b), is governed by adherence to the sentencing package doctrine.

## DECISION

The district court did not err in modifying Hutchins's burglary sentence on remand, because that sentence was part of a package with a sentence that was successfully challenged on appeal.

**Affirmed.**