*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0262**

State of Minnesota,
Respondent,

vs.

Scott James Boorman,
Appellant.

**Filed December 12, 2016
Reversed and remanded
Smith, Tracy M., Judge**

St. Louis County District Court
File No. 69VI-CR-15-403

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Mark S. Rubin, St. Louis County Attorney, Michelle M. Anderson, Assistant County Attorney, Virginia, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, John Donovan, Assistant Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Johnson, Presiding Judge; Reyes, Judge; and Smith, Tracy M., Judge.

## UNPUBLISHED OPINION

**SMITH, TRACY M.**, Judge

        Appellant Scott James Boorman argues that his sentence for third-degree criminal

sexual conduct must be reversed because the district court did not use a criminal-history

score of zero in calculating his consecutive sentence and did not explain its departure. The state agrees. Because we conclude that the district court erred in not using a criminal-history score of zero, we reverse and remand for resentencing.

**FACTS**

Scott Boorman pleaded guilty to one count of first-degree criminal sexual conduct and one count of third-degree criminal sexual conduct as part of a plea agreement at a plea hearing on September 25, 2015. The parties agreed that, under the plea agreement, Boorman and the state could argue for different sentences within the Minnesota Sentencing Guidelines. Seeking clarification, the district court asked, "[N]o departure is being considered in the matter, but there is a range of sentence that counsel can argue within the guidelines based upon the charges here. Is that accurate?" Both parties agreed that a departure was not being considered.

At the sentencing hearing, the state argued for a sentence of 144 months for first-degree criminal sexual conduct and a consecutive sentence of 84 months for third-degree criminal sexual conduct, for a total of 228 months in prison. Minn. Sent. Guidelines 4.B (2014). Boorman argued for a sentence of 144 months for first-degree criminal sexual conduct and a concurrent sentence for third-degree criminal sexual conduct. The district court concluded that consecutive sentencing was appropriate. The district court stated, "[T]he range . . . for First Degree Criminal Sexual Conduct is 144 months to 172 months. The range for the Third Degree Criminal Sexual Conduct here would be 77 to 108 months." The district court imposed a sentence of 144 months for first-degree criminal sexual conduct and a consecutive sentence of 77 months for third-degree criminal sexual conduct.

2

Neither the district court nor the warrant of commitment noted a departure from the sentencing guidelines.

Boorman appeals.

## D E C I S I O N

Boorman argues, and the state agrees, that the district court abused its discretion by failing to use a criminal-history score of zero when sentencing Boorman to a consecutive sentence for third-degree sexual misconduct. A reviewing court may "review the sentence imposed or stayed to determine whether the sentence is inconsistent with statutory requirements." Minn. Stat. § 244.11, subd. 2(b) (2014). Interpretation of the sentencing guidelines presents a question of law subject to de novo review. *State v. Misquadace*, 644 N.W.2d 65, 68 (Minn. 2002) (citation omitted). We review a district court's decision to depart from sentencing guidelines for an abuse of discretion. *State v. Franklin*, 604 N.W.2d 79, 82 (Minn. 2000). "If no reasons for departure are stated on the record at the time of sentencing, no departure will be allowed." *Williams v. State*, 361 N.W.2d 840, 844 (Minn. 1985).

The sentencing guidelines allow permissive consecutive sentences for first-degree criminal sexual conduct and third-degree criminal sexual conduct. Minn. Sent. Guidelines 6.B (2014). When sentencing a defendant to a permissive consecutive sentence, the district court "must use a Criminal History Score of 0, or the mandatory minimum for the offense, whichever is longer, to determine the presumptive duration. A consecutive sentence at any other duration is a departure." *Id.*, 2.F.2.a; *see also Johnson*, 770 N.W.2d at 566 (reversing a consecutive sentence where the district court used a criminal-history score of eight

3

instead of zero to calculate the defendant's permissive consecutive sentence). A district court "must disclose in writing or on the record the particular substantial and compelling circumstances that make the departure more appropriate than the presumptive sentence." *Id.*, 2.D.1.c.

The district court did not use a criminal-history score of zero in sentencing Boorman to a permissive consecutive sentence. *Id.*, 2.F.2.a. The district court stated, "The range for the Third Degree Criminal Sexual Conduct here would be 77 to 108 months." The range of 77 to 108 months for third-degree criminal sexual conduct corresponds to a criminal-history score of three under the sentencing guidelines. *Id.*, 4.B. The district court clarified at the plea hearing that neither party was requesting a departure, the warrant of commitment states that no departure was made, and nothing in the record appears to explain the district court's departure. Accordingly, the district court erred by using a criminal-history score of three in calculating the permissive consecutive sentence without explaining its departure. *Johnson*, 770 N.W.2d at 566.

Boorman requests that we vacate his sentence for third-degree criminal sexual conduct, use a criminal-history score of zero, and impose a bottom-of-the-box sentence of 41 months. A reviewing court may "vacate or set aside the sentence imposed or stayed and direct entry of an appropriate sentence or order further proceedings to be had as the court may direct." Minn. Stat. § 244.11, subd. 2(b). A reviewing court may not remand to allow the district court the opportunity to provide reasons for an unexplained departure. *State v. Geller*, 665 N.W.2d 514, 515 (Minn. 2003). In *State v. Hutchins*, we determined that sentencing is a "package" and when "a defendant 'attacks a portion of a judgment, he is

4

reopening the entire judgment and cannot selectively craft the manner in which the court corrects that judgment.'" 856 N.W.2d 281, 285 (Minn. App. 2014) (quoting *Gardiner v. United States*, 114 F.3d 734, 736 (8th Cir. 1997)), *cert. dismissed as improvidently granted*, 866 N.W.2d 905 (Minn. 2015).

Because Boorman is challenging part of the sentencing "package," we reverse and remand to allow the district court to resentence Boorman on both counts, provided that the total sentence does not exceed the original sentence of 221 months and that the district court does not depart from the sentencing guidelines. *State v. Prudhomme*, 303 Minn. 376, 380, 380 n.2, 228 N.W.2d 243, 246, 246 n.2 (1975) (limiting a district court's discretion in resentencing to the "sum total" of the original sentence imposed).[1]

**Reversed and remanded.**

---

[1] The state asks that we require the district court on remand to impose a total sentence of no less than 221 months. The state cites no authority for such a requirement, and we do not impose it here.