**STATE OF MINNESOTA
IN COURT OF APPEALS
A25-1408**

State of Minnesota,
Respondent,

vs.

Alexander Steven Jonas,
Appellant.

**Filed April 20, 2026
Reversed and remanded; motion denied
Reyes, Judge**

Anoka County District Court
File No. 02-CR-22-21

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Brad Johnson, Anoka County Attorney, Carl E. Erickson, Assistant County Attorney, Anoka, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Greg Scanlan, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Reyes, Presiding Judge; Harris, Judge; and Jesson, Judge.[*]

**SYLLABUS**

When the court of appeals reverses a conviction and remands with instructions to vacate that conviction and its sentence, the district court does not have authority to resentence on any other convictions absent express authority to do so.

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**OPINION**

**REYES**, Judge

Appellant argues that, after this court reversed a kidnapping conviction and instructed the district court on remand to vacate the kidnapping conviction and sentence, the district court exceeded the scope of those limited remand instructions by resentencing on a criminal-sexual-conduct conviction. We reverse and remand.

**FACTS**

In 2022, a jury found appellant Alexander Steven Jonas guilty of three counts of first-degree criminal sexual conduct in violation of Minnesota Statutes section 609.342, subdivision 1(a), (c), and (d) (Supp. 2021). *See State v. Jonas*, No. A23-0720, 2024 WL 5196321, at *1, *3 (Minn. App. Dec. 23, 2024), *rev. denied* (Minn. Mar. 18, 2025). The jury also found appellant guilty of kidnapping in violation of Minnesota Statutes section 609.25, subdivision 1(2) (2020). *Jonas*, 2024 WL 5196321, at *1, *3.

In 2023, the district court entered judgment of conviction and sentenced appellant "to 172 months in prison on one count of first-degree criminal sexual conduct, and to 57 months in prison on the kidnapping charge, to be served consecutively. The district court did not adjudicate the remaining two criminal-sexual-conduct charges, which were included offenses." *Id.* at *3.

On appeal, this court reversed appellant's kidnapping conviction because the conduct underlying that conviction "was subordinate and incidental to the criminal-sexual-conduct offense." *Id.* at *8. Our remand instructions stated: "We therefore affirm his convictions for criminal sexual conduct, but we reverse the kidnapping

2

conviction and remand to the district court with instructions to vacate that conviction and sentence." *Id.* at \*1; *accord id.* at \*8 ("We therefore reverse Jonas's kidnapping conviction and remand to the district court with instructions to vacate that conviction and sentence.").

In 2025, the district court scheduled a hearing to fulfill the mandate set out in our remand instructions. The district court directed the parties to "be prepared to argue for resentencing as to the criminal-sexual-conduct conviction."

At the hearing, counsel representing respondent State of Minnesota noted: "[J]ust to clarify, my reading of the [*Jonas*] decision was simply to remand for [the district court] to vacate the [kidnapping] conviction and the consecutive 57-month sentence. The 172-month sentence associated with the criminal sexual conduct would remain." Appellant agreed with the state's interpretation of the remand instructions. The district court rejected that interpretation and scheduled a second hearing to allow the parties to prepare memoranda and arguments for resentencing.

At the second hearing the state now argued that our opinion provided general remand instructions that permitted resentencing on appellant's criminal-sexual-conduct conviction. The state therefore requested an increase to that sentence so that appellant's total term of incarceration would return to 229 months. Appellant maintained that *Jonas* did not permit resentencing on his criminal-sexual-conduct conviction and requested that the sentence on that conviction remain at 172 months.

The district court determined that it could resentence on the criminal-sexual-conduct conviction because our "decision did not specifically address how to handle the resentencing as to the criminal-sexual-conduct charge." The district court explained that,

when initially sentencing appellant, it had three options: "the permissive consecutive, the aggravated departure upward, or the guideline sentence concurrent." *See* Minn. Sent'g Guidelines 2.D, 2.F, 4.A, 4.B (Supp. 2021) (providing guidelines regarding sentences and departures). The district court stated that, based on the facts it heard at trial, it had determined that 229 months was the appropriate sentence length for appellant's conduct. The district court explained that it had chosen to impose permissive consecutive sentences only because it "thought it would be easier than doing an upward departure." The district court therefore increased the criminal-sexual-conduct sentence to 229 months, an upward durational departure, based on aggravating factors found when it first sentenced appellant in 2023.

This appeal follows.

## ISSUE

Did the district court abuse its discretion by misinterpreting and misapplying this court's remand instructions?

## ANALYSIS

Appellant argues that our prior opinion in this case, *Jonas*, provided limited remand instructions that "permit[ed] action only on the directive given for the kidnapping" conviction and the kidnapping sentence. He contends that the district court abused its discretion and violated those limited remand instructions by resentencing on his criminal-sexual-conduct conviction. The state disagrees, arguing that *Jonas* provided general remand instructions that authorized the district court to resentence on the criminal-sexual-conduct conviction. We agree with appellant.

4

"Though [district] courts generally have broad discretion to determine how to proceed on remand, they cannot act in a way that is inconsistent with the remand instructions provided." *Dobbins v. State*, 845 N.W.2d 148, 156 (Minn. 2013) (quotation omitted). "But when the district court receives no specific directions as to how it should proceed in fulfilling the remanding court's order, the district court has discretion to proceed in any manner not inconsistent with the remand order." *State by Smart Growth Minneapolis v. City of Minneapolis*, 7 N.W.3d 418, 428 (Minn. App. 2024) (quotation omitted), *rev. denied* (Minn. Aug. 20, 2024).

Appellate courts review a district court's determination of the scope of remand instructions for an abuse of discretion. *See State v. Thompson*, 942 N.W.2d 350, 354 (Minn. 2020). "A [district] court abuses its discretion when its decision is based on an erroneous view of the law or is against logic and the facts in the record." *State v. Nyonteh*, 24 N.W.3d 271, 282 (Minn. 2025) (quotation omitted). We review de novo the district court's interpretation of remand instructions, *see Thompson*, 942 N.W.2d at 354, and its application of remand instructions, *see In re Est. of Eckley*, 780 N.W.2d 407, 410 (Minn. App. 2010).

In *Thompson*, the Minnesota Supreme Court explicitly addressed general and limited remand instructions for the first time. 942 N.W.2d at 353-54. Appellant in that case, Thompson, had received two consecutive life-without-the-possibility-of-release (LWOR) sentences for homicides he committed as a juvenile. *See id.* at 351-53. After the United States Supreme Court announced a substantive, retroactive rule that juvenile

5

LWOR sentences were unconstitutional,[1] Thompson sought relief from his sentences in federal district court:

> [A] federal magistrate judge . . . recommended that the sentence vacatur be limited to the "without possibility of release provision" of Thompson's sentences, as opposed to a complete reversal of his sentences. . . . [T]he federal district court adopted the magistrate judge's report and recommendation in its entirety, vacated the "without possibility of release" provision of Thompson's sentences, [and] remanded to Hennepin County District Court for resentencing . . . .

*Thompson*, 942 N.W.2d at 352 (quotations and citations omitted). On remand, the Hennepin County District Court interpreted the federal district court order as providing limited remand instructions, placing "the issue of whether the sentences should be served consecutively" beyond its authority. *Id.* at 353. The Minnesota Supreme Court affirmed, stating that "[i]t would be unreasonable to read" the language of the remand instructions "as suggesting that the federal district court vacated Thompson's sentences in their entirety or remanded for de novo resentencing." *Id.* at 354. It held that "the remand order was limited to the singular issue of the possibility of release." *Id.*

Similarly, this court issued limited remand instructions in *Jonas*, 2024 WL 5196321, at \*1, \*8. Those instructions arose from a reversal and remand "limited to the singular issue" of appellant's kidnapping offense. *Thompson*, 942 N.W.2d at 354; *see also Jonas*,

---

[1] In *Miller v. Alabama*, 567 U.S. 460, 465 (2012), the United States Supreme Court held "that mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" In *Montgomery v. Louisiana*, 577 U.S. 190, 206 (2016), the Court held that "*Miller* announced a substantive rule that is retroactive in cases on collateral review."

2024 WL 5196321, at \*1 ("We therefore affirm his convictions for criminal sexual conduct, but we *reverse* the *kidnapping* conviction and *remand* to the district court with instructions to vacate *that* conviction and sentence." (emphasis added)). From our remand instructions, the district court did not receive the authority to resentence on the criminal-sexual-conduct conviction.

The state argues that the district court was permitted to resentence appellant on his criminal-sexual-conduct conviction based on *State v. Hutchins*, in which we held that we may delegate our statutory authority to modify sentences that were not challenged on appeal to a district court on remand. *See* 856 N.W.2d 281, 285-86 (Minn. App. 2014), *rev. granted* (Minn. Dec. 30, 2014) *and ord. granting rev. vacated* (Minn. July 20, 2015).[2] However, *Hutchins* concerned the statute granting this court the authority to review criminal sentences. *See* 856 N.W.2d at 284-86 (interpreting Minnesota Statutes section 244.11, subdivision 2(b) (2004)).[3] Moreover, *Hutchins* involved remand instructions that explicitly "remanded for resentencing." 856 N.W.2d at 283. *Hutchins* therefore does not apply.

---

[2] We note that the sentencing concept mentioned in *Hutchins* is most often discussed in the context of federal sentencing. *See* 856 N.W.2d at 285-86 (discussing federal caselaw on resentencing on remand in federal courts). Federal courts and Minnesota courts are guided by substantially different sentencing guidelines. *See State v. Shattuck*, 704 N.W.2d 131, 147 (Minn. 2005) ("The Federal Sentencing Guidelines system is a complex one that differs significantly from Minnesota's."). For example, the federal sentencing guidelines require that "closely related counts" be grouped together to calculate a "combined offense level," which then establishes the appropriate sentencing range. *See* U.S. Sent'g Guidelines Manual §§ 3D1.1-.5 (U.S. Sent'g Comm'n 2025).

[3] The statutory text analyzed in *Hutchins*, 856 N.W.2d at 285, remains the same today. *Compare* Minn. Stat. § 244.11, subd. 2(b) (2004), *with* Minn. Stat. § 244.11, subd. 2(b) (2024).

The state next argues that the district court was permitted to resentence on the criminal-sexual-conduct conviction on remand because *Jonas* included no "specific issue for the district court to address" and no "limiting language." We disagree. We stated: "We therefore affirm his convictions for criminal sexual conduct, but we reverse the kidnapping conviction and remand to the district court with instructions to vacate that conviction and sentence." *Jonas*, 2024 WL 5196321, at *1. As in *Thompson*, our remand instructions did not suggest that we "vacated [appellant's] sentences in their entirety or remanded for de novo resentencing." 942 N.W.2d at 354. If this court provides remand instructions to vacate a sentence only on one conviction, then a delegation of our statutory authority to resentence on another conviction cannot be inferred through silence. *Cf. id.* ("When a remand is limited, it is the duty of the district court to execute the mandate of the remanding court strictly according to its terms."); *Hutchins*, 856 N.W.2d at 286 (stating that Minnesota Statutes section 244.11, subdivision 2(b), "vested the district court with statutory authority to modify [the appellant's] sentence as a delegation of authority from [the court of appeals]").

We hold that, when the court of appeals reverses a conviction and remands with instructions to vacate that conviction and its sentence, the district court does not have authority to resentence on any other convictions absent express authority to do so.

*Jonas* provided limited remand instructions that specifically directed the district court to act only to vacate the kidnapping conviction and sentence. The district court could not claim a delegation of authority from those instructions that permitted it to resentence on appellant's criminal-sexual-conduct conviction. We conclude that the district court

erroneously interpreted our remand instructions in *Jonas* and, by applying that erroneous interpretation, abused its discretion.

We next address the state's motion to strike a letter filed by appellant. Before oral argument, appellant filed a letter purportedly citing supplemental authority pursuant to Minnesota Rule of Civil Appellate Procedure 128.05. The state moves to strike the letter, characterizing it as an improper motion to supplement the record. Because we did not rely on the content of the letter in resolving this appeal, we deny the state's motion to strike as moot. *See Justice v. Marvel, LLC*, 979 N.W.2d 894, 903 n.9 (Minn. 2022).

## DECISION

When the court of appeals reverses a conviction and remands with instructions to vacate that conviction and its sentence, the district court does not have authority to resentence on any other convictions absent express authority to do so. The district court abused its discretion by resentencing on appellant's criminal-sexual-conduct conviction because this court issued limited remand instructions that directed the district court to act only to vacate the kidnapping conviction and sentence. Those instructions included no delegation of our statutory authority to resentence on other convictions. We therefore reverse and remand for imposition of the original 172-month sentence on the criminal-sexual-conduct conviction.

**Reversed and remanded; motion denied.**